■ CORNELIUS A. LUCEY, JR., et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 59410.)—Appeal from a judgment, entered August 14, 1978, upon a decision of the Court of Claims. Resolution of this matter requires a brief recitation of the facts. On the evening of January 14, 1974 Deputy Chief Inspector Dakin of the New York State Police drove his 15-year-old daughter Denise to an outdoor skating rink near their home. Dakin instructed his daughter to telephone at 9:00 P.M. for transportation home. At the rink Denise met a young man named Gary Kane who had previously provoked her parents' displeasure by his conduct. She left the rink in Kane's truck. At 9:00 P.M. Dakin returned to the rink and found it closed. While searching for his daughter, Dakin saw Kane's truck, recognized him and observed someone on the passenger's side squatting down so as to avoid being seen. Dakin, believing the passenger to be his daughter, followed the truck. Kane, realizing that he was being pursued by Denise's father, went through two stop signs before being forced to the side of the road by Dakin. When Kane refused to exit his vehicle voluntarily, he was yanked out by Dakin and struck on the side of the face. When Denise got out of the vehicle and walked past her father, he slapped her in the face. At this juncture a man named Lucey, the appellant herein, who had observed the above-described events, sought to intervene, only to be struck by Dakin. The next day Dakin had Kane arrested for speeding. He pleaded guilty. Dakin preferred charges for assault against Lucey and Lucey commenced criminal proceedings against Dakin. Both parties, as defendants, were subsequently acquitted of all charges. The instant action for "damages resulting from an assault, malicious prosecution and false arrest by Daniel Dakin" was dismissed by the court after a three-day trial. The sole issue raised by the recited facts is whether the State, as Dakin's employer, is liable for the consequences of Dakin's conduct under the doctrine of *respondeat superior.* We hold the State not to be responsible. Our inquiry is limited to whether the alleged wrongful act was in the course of Dakin's employment or outside it, to accomplish a purpose foreign to it *(Mott v Consumers' Ice Co.,* 73 NY 543, 547). Since Dakin testified that his purpose in following the truck was to "ascertain for sure whether or not the occupant was my daughter", and, further, told a fellow trooper that he believed the passenger in the pursued vehicle to be his daughter, it is clear that the purpose of the pursuit and ensuing events was personal, not professional. Even if it could be concluded that while the pursuit was personal, the stopping of the vehicle was within the employment since Kane clearly violated the law, it does not follow that the assault on Kane and Lucey was in keeping with his duties as a police officer. Dakin's actions after the Kane vehicle was stopped were not done in furtherance of the State's business. He went outside his employment and acted to advance a purpose of his own (see *Osipoff v City of New York,* 286 NY 422, 432). Next, appellant's contention that the State ratified Dakin's conduct when the State Police arrested Kane and Lucey is without merit. Merely because a police officer is the complaining witness in a criminal proceeding does not mean that the employer has ratified his actions. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.