SIDNEY STAVITZ et al., Respondents, v CITY OF NEW YORK, Defendant-Appellant.

First Department, January 24, 1984

#### APPEARANCES OF COUNSEL

*Gary Sinawski* of counsel (*Kresky, Sinawski & Hollenberg* and *Arthur Gruder,* attorneys), for respondents.

*John B. Madden, Jr.,* of counsel (*John W. Dean* with him on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for defendant-appellant.

#### OPINION OF THE COURT

ASCH, J. P.

The facts of this case, assumed most favorably to plaintiffs, are that on May 14, 1966, plaintiffs, Sidney Stavitz and his then 16-year-old son Ralph, were assaulted in their private home by their next door neighbor, off-duty Police Officer Frank Fabbri. For some time prior to this day, the relationship between the Stavitzes and the Fabbri brothers, Frank and Rudy, had been unpleasant, marked by arguments and the use of profanity. The precipitating factor in the assault involved the reconstruction of the Stavitzes' back yard and centered about sand deposited by the contractor upon the Stavitz side of the common driveway shared by the parties.

In the early evening of May 14, 1966, Sidney, his son Ralph and Sidney's mother were on Throop Avenue driving home. Observing Rudy Fabbri walking down the street, Sidney stopped the car to speak with Rudy about the construction work and to assure him that the dirt and other material would not affect the Fabbri property. Sidney then drove one block to his home and all three Stavitzes went inside. Sidney observed Rudy, who had arrived at his home at about the same time, talking to his brother Frank. Several minutes later Frank Fabbri, who was off duty and in civilian clothes, entered the Stavitz household, knocked over the grandmother and son and hit Sidney Stavitz with a blackjack. Both Ralph Stavitz and Rudy Fabbri tried unsuccessfully to restrain Frank Fabbri.

The two brothers then left, and several minutes later Frank Fabbri returned, displayed his police shield and placed both plaintiffs under arrest. Uniformed police officers arrived. After Sidney's injuries were treated at a hospital, the father and son were taken to the local precinct. Sidney was booked on a charge of assault, based on a complaint by Rudy Fabbri, and Ralph on a charge of resisting arrest. A Grand Jury subsequently declined to indict the Stavitzes but issued informations charging Sidney with a misdemeanor assault and resisting arrest and Ralph with resisting arrest. Both were acquitted after a nonjury trial.

This action was commenced against the city in May of 1967 setting forth five causes of action for damages allegedly resulting from assault, false arrest and malicious prosecution, all based upon the actions of Officer Frank Fabbri. Trial was held before Justice MERCORELLA and a jury in January of 1980. As admitted by defendant city, the court's initial charge properly instructed the jury that for the city to be responsible for Fabbri's conduct, the jury must find that Fabbri was acting within the scope of his employment and in furtherance of the city's business. The jury returned a verdict against defendant in the amount of $30,000 in favor of Sidney Stavitz and $20,000 in favor of Ralph Stavitz. These awards were reduced by stipulation in the judgment entered, after the trial court granted defendant city's motion as to the excessiveness of damages.

The trial court, however, denied the defendant's motion for a directed verdict on the ground, *inter alia,* that Officer Fabbri's actions were not within the scope of his employment but were purely personal to himself.

This was in error since plaintiffs failed to prove Frank Fabbri was acting within the scope of his employment and in furtherance of a city purpose.

The long-standing rule of a master's liability for the acts of his servants was set forth in *Mott v Consumers' Ice Co.* (73 NY 543, 547): "for the acts of a servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully * * * But if a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible".

Other New York cases have formulated the rule to be that "[a]n employee acts in the scope of his employment when he is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control, directly or indirectly, over the employee's activities" (*Lundberg v State of New York,* 25 NY2d 467, 470; see, also, *Johnson v Daily News,* 34 NY2d 33, 35-36).

Regardless of the way the rule is phrased, an employee's actions are not within the scope of employment unless the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business. Thus, where an employee's conduct is brought on by a matter wholly personal in nature, the source of which is not job related, his actions cannot be said to fall within the scope of his employment (see *Ehlenfield v State of New York,* 62 AD2d 1151). Even where a correction officer on duty during his regular working hours attacked an inmate because of a dispute over the viewing of a television show, it was held these were actions so dictated by personal motives and so divorced from the employee's work as not to be inciden-

tal to the performance of his duties and thus to lie beyond the scope of employment (see *Vargas v Correa,* 416 F Supp 266, 272).

In *Nisbett v State of New York* (31 Misc 2d 32) the Court of Claims determined that the actions of an off-duty policeman, who insulted and attacked a husband and wife in a fast food restaurant and then had them arrested, were not "performed in the line of duty" but rather resulted from "a dispute among private citizens" (*supra,* at p 40). In another matter it was held that an off-duty policeman whose gun discharged during a barroom scuffle and killed a bystander "can hardly be said to have been acting in the interests of the City or in the course of his employment" (*Bell v City of New York,* 137 NYS2d 104, 105-106, affd 285 App Div 1140).

In *Riviello v Waldron* (47 NY2d 297) although the Court of Appeals noted a relaxation of the "traditional confines of the doctrine" the rule was restated: "no longer is an employer necessarily excused merely because his employees, *acting in furtherance of his interests,* exhibit human failings and perform negligently or otherwise than in an authorized manner. Instead, the test has come to be ' "whether the act was done *while the servant was doing his master's work,* no matter how irregularly, or, with what disregard of instructions" ' " (*Riviello v Waldron, supra,* at p 302; emphasis added).

In this case the facts set forth above conclusively established that Frank Fabbri's actions on May 14, 1966 were taken for purely personal reasons, and *not* in furtherance of any duty owed to the city.

The causes of action sounding in false arrest and malicious prosecution are also without any merit as against defendant city. There was no automatic liability attaching to the city when defendant Fabbri produced his shield and arrested plaintiffs, simply because his employment as a police officer by the city conferred upon him the authority to make arrests. Thus, in the case of *Lucey v State of New York* (73 AD2d 998) New York State Police Deputy Chief Inspector Dakin discovered that his daughter had driven off with a boyfriend (Kane) of whom Dakin did not approve. Dakin gave chase, drove Kane's car off the road, dragged

him from the vehicle and assaulted him. The plaintiff Lucey, observing the commotion, intervened on behalf of the beleaguered lovers and was assaulted by Dakin. The next day Dakin had the boyfriend arrested for speeding during the chase and lodged a criminal complaint against plaintiff, which was dismissed. Plaintiff thereupon brought an action for "damages resulting from an assault, malicious prosecution and false arrest". The trial court dismissed the complaint and the Appellate Division, Third Department, affirmed, holding: "Our inquiry is limited to whether the alleged wrongful act was in the course of Dakin's employment or outside it, to accomplish a purpose foreign to it (*Mott v Consumers' Ice Co.,* 73 NY 543, 547)" and further noting: "Even if it could be concluded that while the pursuit was personal, the stopping of the vehicle was within the employment since Kane clearly violated the law, it does not follow that the assault on Kane and Lucey was in keeping with his duties as a police officer. Dakin's actions after the Kane vehicle was stopped were not done in furtherance of the State's business. He went outside his employment and acted to advance a purpose of his own (see *Osipoff v City of New York,* 286 NY 422, 432). Next, appellant's contention that the State ratified Dakin's conduct when the State Police arrested Kane and Lucey is without merit. Merely because a police officer is the complaining witness in a criminal proceeding does not mean that the employer has ratified his actions." (*Lucey v State of New York, supra,* at p 998.)

Similarly, in the instant case, the fact that Frank Fabbri subsequently effected an arrest is immaterial, since in doing so he was still pursuing his own personal interests and not furthering the city's business. Plaintiffs' contention upon this appeal that arrests by a police officer are always in the course of his or her employment is not based upon the law of this State (see *Lucey v State of New York, supra; Nisbett v State of New York, supra*).

Rudy Fabbri signed the complaint against Sidney Stavitz alleging an assault and Frank Fabbri signed a complaint against both Sidney and Ralph Stavitz alleging that they resisted arrest. The action of the other police officers was mandated by these complaints. This performance of

their ordinary duties did not amount to ratification of Fabbri's activities.

Accordingly, the judgment of the Supreme Court, Bronx County (MERCORELLA, J.), entered June 21, 1982, after trial by jury and upon a stipulation reducing the verdict in lieu of a new trial being ordered, should be reversed on the law, without costs, and the complaint dismissed.

SILVERMAN, BLOOM, FEIN and KASSAL, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on June 21, 1982, unanimously reversed, on the law, without costs and without disbursements, and the complaint dismissed.