■ WILLIAM H. CARNEY, Appellant, v MEMORIAL HOSPITAL AND NURSING HOME OF GREENE COUNTY et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered August 18, 1983 in Greene County, which granted defendants' motion to dismiss certain portions of plaintiff's complaint. ¶ Pursuant to a written contract of employment, plaintiff served as pathologist and laboratory director of defendant Memorial Hospital and Nursing Home of Greene County (hospital). As a result of certain deficiencies in the operation of the hospital laboratory which resulted in unfavorable reports from the New York State Department of Health, the Joint Commission on Accreditation of Hospitals and a consultant to the Hospital Association of New York, plaintiff's employment was terminated by the hospital. Thereafter, upon inquiry from a reporter at a local newspaper, the hospital administrator stated that plaintiff had been terminated "for cause". This statement appeared in a news article in the paper. Plaintiff thereupon commenced this action containing seven different causes of action, claiming: (1) breach of contract; (2) conspiracy; (3) libel; (4) consequential damages for conspiracy and libel; (5) intentional interference with contract; (6) failure to conduct a hearing pursuant to section 75 of the Civil Service Law; and (7) punitive damages. The fifth cause of action was asserted solely against defendant Hospital Corporation of America (HCA), the hospital's manager. Defendants moved to dismiss all causes of action, except the first, for failure to state a cause of action. The motion was granted and this appeal ensued. ¶ There should be an affirmance. Plaintiff has alleged a cause of action for breach of contract and that is the claim that should be litigated. In New York, there is no substantive tort of conspiracy (*Danahy v Meese,* 84 AD2d 670, 672).

Nor do we perceive the statement that plaintiff was terminated "for cause" to be defamatory, for to conclude otherwise would require the court to strain to place a particular interpretation upon the quoted words without any reasonable basis for concluding that they are defamatory (*James v Gannett Co.,* 40 NY2d 415). It is uncontested that the words in question merely recite, upon inquiry, what actually occurred. We also reject plaintiff's contention that he may maintain an additional cause of action for damages for intentional interference with contract (*Manley v Pandick Press,* 72 AD2d 452, app dsmd 49 NY2d 981; *Wegman v Dairylea Coop.,* 50 AD2d 108, mot for lv to app dsmd 38 NY2d 918). As to the sixth cause of action, the record reveals that plaintiff fails to set forth a cause of action (see *Gerber v New York City Housing Auth.,* 42 NY2d 162). Plaintiff does not contest the timeliness of the hearings held pursuant to section 75 of the Civil Service Law. Rather, plaintiff's contention with respect to the sixth cause of action is that the hearing officer conducted the proceedings in an arbitrary and capricious manner, in large part because the hearings were held when he was "not ready" to proceed. Such contentions regarding the actual propriety of the hearings must be presented to the courts in the context of a CPLR article 78 proceeding (Civil Service Law, § 76, subd 1). ¶ Finally, plaintiff's claim for punitive damages must fail since it may not exist as a separate cause of action, nor may punitive damages be recovered in an action for breach of contract (*Bader's Residence for Adults v Telecom Equip. Corp.,* 90 AD2d 764; *Vanderburgh v Porter Sheet Metal,* 86 AD2d 688; *Bunker v Bunker,* 73 AD2d 530). ¶ Order affirmed, with costs. Kane, Casey and Levine, JJ., concur.

Mahoney, P. J., and Weiss, J., concur in part and dissent in part in a memorandum by Mahoney, P. J. Mahoney, P. J. (concurring in part and dissenting in part). In our view, the complaint states a cause of action for violation of plaintiff's rights pursuant to section 75 of the Civil Service Law such that the sixth cause of action should not have been dismissed. Accrued salary lost by an employee suspended for more than 30 days (Civil Service Law, § 75, subd 3) may be sought by way of a civil action (*Gerber v New York City Housing Auth.,* 42 NY2d 162, 165). While the complaint does not specifically state that plaintiff seeks accrued salary, but is instead couched in terms of deprivation of due process, the complaint should be read liberally (CPLR 3026), particularly since the rights afforded in section 75 of the Civil Service Law do indeed derive from the concept of due process (see *Matter of Economico v Village of Pelham,* 50 NY2d 120, 124-125). Here, the complaint alleges that plaintiff was entitled to the procedural safeguards of section 75 of the Civil Service Law and that he was denied them. Defendants' response that plaintiff was afforded a hearing does not warrant summary dismissal of the complaint since it appears that the alleged hearing was not timely.