■ ALLEN PILECKAS et al., Appellants, v KENNETH TRZASKOS, Individually and as Former Deputy Chief of Police of the City of Amsterdam, Respondent.—Casey, J. Appeal from an order of the Supreme Court (White, J.), entered February 27, 1986 in Montgomery County, which granted defendant's motion to dismiss the complaint for failure to comply with the Statute of Limitations.

Plaintiffs contend that this action seeking to recover damages for conversion and/or trespass to chattels is governed by the three-year Statute of Limitations in CPLR 214 (3). Defendant contends that the applicable limitations period is one year and 90 days, pursuant to General Municipal Law § 50-i. Supreme Court agreed with defendant and granted his motion to dismiss the complaint. We affirm.

A vehicle owned by one of the plaintiffs was impounded by police officers of the City of Amsterdam, Montgomery County, in July 1983 after the vehicle had been stopped for a routine traffic violation (a broken taillight), which resulted in the arrest of the driver for driving while intoxicated. Despite plaintiffs' requests, the vehicle was not returned to them until nearly two months later. Defendant, the former Deputy Chief of Police of the City of Amsterdam, allegedly participated in the decision to delay the return of the vehicle to plaintiffs, a decision apparently based upon the driver's refusal to stipulate that he had been driving the vehicle and that the reason for the initial stop of the vehicle was the broken taillight. This action, commenced in November 1985, is the latest in a

number of lawsuits commenced by plaintiffs against various parties to recover damages for the delay in the return of their vehicle.

Pursuant to General Municipal Law § 50-j (1), a municipality shall save harmless its police officers for any negligent act or tort committed in the performance of their duties and within the scope of their employment. Any action against the police officers, where the save harmless requirement of General Municipal Law § 50-j (1) is applicable, must be commenced pursuant to the provisions of General Municipal Law § 50-i (General Municipal Law § 50-j [3]). Since plaintiffs seek recovery for a common-law tort, the holdings of *Pitt v City of New York* (63 NY2d 815) and *Fields v Board of Higher Educ.* (63 NY2d 817), which involved claims under 42 USC § 1983, are inapplicable and plaintiffs' reliance on those cases is misplaced.

Next, we reject plaintiffs' contention that since the alleged wrong committed by defendant is an intentional tort, it necessarily follows that defendant's acts were ultra vires and, therefore, outside the scope of his employment *(see, Jones v State of New York,* 33 NY2d 275, 279; *Augustine v Town of Brant,* 249 NY 198, 203). As noted by Supreme Court, there is proof in the record that plaintiffs' vehicle was impounded pursuant to the direction of the District Attorney and that, therefore, defendant's conduct in denying plaintiffs' request for the return of their vehicle was in the furtherance of his employer's interests. Plaintiffs submitted no evidence suggesting that defendant was pursuing his own personal interests and not furthering the city's business or that he otherwise acted outside the course of his employment to accomplish a purpose foreign to it *(see, Stavitz v City of New York,* 98 AD2d 529; *Lucey v State of New York,* 73 AD2d 998).

Plaintiffs also contend that their claim for punitive damages should survive the motion to dismiss, but we have held that a claim for punitive damages does not constitute a separate cause of action *(Town of Clifton Park v Rivercrest Sewage Disposal Corp.,* 81 AD2d 982, 983). Supreme Court properly dismissed the complaint as untimely under General Municipal Law §§ 50-j and 50-i and its order to that effect should be affirmed. The award of costs, however, should be reduced to $20 (CPLR 8202).

Order modified, on the law, by reducing the award of costs to $20, and, as so modified, affirmed, with costs to defendant. Mahoney, P. J., Casey, Weiss, Mikoll and Levine, JJ., concur.