■ Rodney Mon et al., Respondents, v City of New York et al., Appellants.—Judgment of the Supreme Court, Bronx County (Lewis R. Friedman, J.), entered June 8, 1989, after jury trial, upon a verdict which awarded damages to plaintiffs Rodney and Andre Mon in the amounts of $12,625.50 and $1,000,000, respectively, unanimously affirmed, without costs.

This litigation arose out of an argument between plaintiffs and an off-duty police officer, who ultimately shot both of them. The jury found that neither shooting was justified, but determined that 50% of Rodney Mon's injuries were attributable to his own acts.

On appeal, the city contests the submission to the jury of the question of whether or not the city ratified the arrest of Andre Mon. We note that this case is distinguishable from *Stavitz v City of New York* (98 AD2d 529), cited by the city. There is no evidence here that the police officer assumed the role of complaining witness by signing a complaint or making a statement at the scene upon which the arrest was based. Indeed, the officer refused to give a statement later that night when interviewed by an Assistant District Attorney. Under these circumstances, the jury could have found that the city, which placed Andre Mon under police guard at the hospital after the shooting, adopted the arrest initiated by Shankman at the scene.

There was also sufficient evidence to submit to the jury the issue of whether or not the city was negligent in hiring Shankman. An employer may be required to answer in damages for a tort committed by an employee against a third party when the employee was hired with knowledge of his propensity for the sort of behavior which resulted in injury *(Detone v Bullit Courier Serv.,* 140 AD2d 278, 279, *lv denied* 73 NY2d 702). When it hired Shankman, the city was aware of his prior arrest and conviction for disorderly conduct which arose from the shooting out of a store window by a codefendant. Moreover, the city was aware of the scathing remarks made by the arresting officer in that case concerning Shankman's bad attitude toward authority and disregard for the seriousness of the offense. It was also aware of allegations that the shooting was motivated by revenge against Shankman's prior employer. The city's failure to conduct a further investigation, particularly in view of Shankman's initial failure to disclose this conviction, gave rise to a jury question on the issue of negligent hiring.

We find that, in view of the serious nature of the gunshot

wound to Andre Mon, the attendant pain and suffering and the permanency of his impairment, the jury's verdict was not excessive.

We have examined defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.