■ DENYS CLARKE, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated April 26, 1989, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $1,600,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The jury verdict in favor of the plaintiff and against the defendant cannot be sustained on the basis of general principles of respondeat superior because the evidence in the record establishes conclusively that at the time of the incident the

defendant's employee was acting in furtherance of motives unrelated to the defendant's business *(see, Osipoff v City of New York,* 286 NY 422, 432; *Heindel v Bowery Sav. Bank,* 138 AD2d 787, 788; *Garcia v City of New York,* 104 AD2d 438, *affd* 65 NY2d 805; *Lucey v State of New York,* 73 AD2d 998; *Stavitz v City of New York,* 98 AD2d 529). Since the jury returned a general verdict, this circumstance would ordinarily warrant the reversal of the judgment appealed from and the granting of a new trial as to any other theory of liability with respect to which the plaintiff's evidence was sufficient *(see, Davis v Caldwell,* 54 NY2d 176).

However, the only other theory which was submitted to the jury in this case was premised on the vicarious liability provisions of Vehicle and Traffic Law § 388. The plaintiff produced sufficient evidence to support a verdict in his favor based on this alternative theory. However, it was improperly charged to the jury *(see, Bichler v Lilly & Co.,* 55 NY2d 571) because Vehicle and Traffic Law § 388 (2) exempts police vehicles from the general vicarious liability provisions of that statute. Nonetheless, we conclude that a new trial is not warranted, since no *properly* charged jury could find in the plaintiff's favor on any subsequent retrial. Accordingly, the complaint is dismissed. Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.