■ Max Farkas et al., Appellants, v City of New York, Respondent. [662 NYS2d 558] —In an action, *inter alia,* to recover damages for false arrest and false imprisonment, the plaintiffs appeal, by permission, from an order of the Appellate Term of

the Supreme Court for the Second and Eleventh Judicial Districts, dated October 17, 1995, which reversed a judgment of the Civil Court of the City of New York, Kings County, dated May 27, 1994, which was in favor of the plaintiffs in the principal sum of $52,000, and dismissed the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The evidence presented by the plaintiffs tended to show that neither plaintiff had committed any act which could remotely be regarded as a basis for arrest (see, CPL 140.10), and that their arrest was carried out by Richard Weisel, a now retired officer of the New York City Police Department, who was off-duty at the time, for purely vindictive personal reasons, and wholly unrelated to his law enforcement duties. The evidence presented by the defendant tended to show, to the contrary, that the plaintiff Max Farkas had initially committed the violation of harassment (Penal Law former § 240.25 [2]), and that, upon Officer Weisel's attempt to arrest him, he committed the additional offenses of assault in the third degree and resisting arrest, both Class A misdemeanors (see, Penal Law § 120.00 [1]; § 205.30). Weisel's testimony also tends to show that the plaintiff Sylvia Farkas had committed these offenses as well as the offense of obstructing governmental administration in the second degree (Penal Law § 195.05), and that these offenses had been committed in Weisel's presence. According to this testimony, the arrest of Mr. Farkas and the subsequent arrest of Mrs. Farkas would have been lawful (see, CPL 140.10).

Based on this evidence, we agree with the Appellate Term that there is no rational view of the evidence which would have justified a judgment against the defendant, City of New York. The jury's acceptance of the plaintiffs' evidence would necessarily carry with it the conclusion that the person who instigated and carried out the arrests was not acting within the scope of his employment (see, Stavitz v City of New York, 98 AD2d 529; Lucey v State of New York, 73 AD2d 998; Nisbett v State of New York, 31 Misc 2d 32; see also, Willinger v City of New Rochelle, 212 AD2d 526; cf., Mon v City of New York, 163 AD2d 212, mod 78 NY2d 309). The jury's acceptance of the contrary evidence propounded by the defense would, if true, have supported application of the doctrine of vicarious liability; however, this same view of the evidence would have simultaneously negated any underlying liability, because the arrests would necessarily have to be considered justified (see, e.g., Guzman v City of New York, 236 AD2d 444; Rivera v Village of Dobbs Ferry, 234 AD2d 533; Catanzaro v City of Middletown

*Police Dept.,* 233 AD2d 415; *Lui Yi v City of New York,* 227 AD2d 453; *Minott v City of New York,* 203 AD2d 265).

There is no rational process by which a properly-instructed jury could have concluded that the defendant was vicariously liable for the false arrest or batteries allegedly committed by its former agent. We also agree with the Appellate Term that the judgment cannot be sustained on the alternate theory that the defendant "ratified" the illegal arrests for which it would otherwise not have been vicariously liable. It is true that the on-duty officers who responded to the scene of the arrest had no personal motivation at stake, and were acting in the scope of their employment. However, the record establishes that the actions of these officers were justified by the complaints made by Weisel. The plaintiffs' evidence, as well as the defendant's evidence, established that the off-duty officer complained of having been assaulted, and this allegation alone furnished the on-duty officers with probable cause.

For these reasons, the order should be affirmed. Bracken, J. P., Santucci, Goldstein and Luciano, JJ., concur.