■ ED TOURGE, JR., Respondent-Appellant, v CITY OF ALBANY et al., Appellants-Respondents. [727 NYS2d 753] —Mugglin, J. Cross appeals from an order of the Supreme Court (Ferradino, J.), entered October 16, 2000 in Albany County, which partially granted defendants' motion for summary judgment dismissing the complaint.

Defendant John W. Ginter is a police officer employed by defendant City of Albany. He was told by his future stepdaughter that she was concerned because plaintiff had followed her on several occasions and had repeatedly made telephone calls to her home and hung up without speaking. Ginter, while wearing his police uniform, went to Public School 19 in Albany where plaintiff is employed as a music teacher. Upon arrival, he advised a school secretary that "[w]e have a complaint against one of your teachers, Ed Tourge." The secretary escorted Ginter to plaintiff's classroom, summoned plaintiff into the hallway and left. After Ginter was informed by plaintiff that he could not leave his students unattended and that there was no private place where they could discuss the matter, according to plaintiff, Ginter told him to stay away from his future stepdaughter.

Plaintiff sued, alleging six causes of action against defendants. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion as to each cause of action asserted except the cause of action for slander, from which order defendants appeal. Plaintiff has cross-appealed claiming, as limited by his brief, error in Supreme Court's dismissal of the claims for unlawful seizure, official misconduct and punitive damages based upon reckless disregard of his State and Federal constitutional rights.

We first examine defendants' appeal from the denial of their motion for summary judgment seeking dismissal of plaintiff's slander cause of action. In the absence of slander per se, an ac-

tion for slander is maintainable only if the plaintiff pleads and proves special damages, i.e., " 'the loss of something having economic or pecuniary value' " (*Liberman v Gelstein*, 80 NY2d 429, 434-435, quoting Restatement [Second] of Torts § 575, comment 6). "It has been said that words constitute slander per se if they impute: (1) the commission of a crime, (2) a loathsome disease, (3) unchaste behavior in a woman, or (4) homosexual behavior, or if they (5) affect plaintiff in his trade, occupation or profession" (*Privitera v Town of Phelps*, 79 AD2d 1, 3, *appeal dismissed* 53 NY2d 796 [citations omitted]). On this appeal, plaintiff asserts that the offending words fit in categories 1 and 5. We disagree. To be actionable as slander per se, words imputing the commission of a crime must be of the level of "an indictable offense upon conviction of which punishment may be inflicted" (*id.*, at 3). Merely stating that there is a complaint against someone does not satisfy this requirement. Moreover, there is no evidence that this statement injured plaintiff in his profession as a teacher (*see, e.g., Wadsworth v Beaudet*, 267 AD2d 727). Plaintiff's deposition testimony confirms that he has not been denied promotions or raises as a result of this incident and his certification as a teacher has been unaffected. As plaintiff has failed to show that his claim constitutes slander per se, he must plead and prove special damages (*see, Liberman v Gelstein, supra*, at 434-435; *see, e.g., Privitera v Town of Phelps, supra*, at 5-6).

Notably absent from plaintiff's complaint is any allegation of special damages and Supreme Court's decision, by implication, limits plaintiff's maintainable slander cause of action to one for slander per se. Nevertheless, plaintiff now argues that he incurred special damages because he incurred legal fees to determine his rights and to alert his employer that no complaint had been filed against him. Even if such expenses were incurred, they do not constitute evidence that he lost something of economic or pecuniary value as a result of the statement attributed to defendants. Thus, Supreme Court should have dismissed the slander cause of action.

Turning to plaintiff's cross appeal, we first examine the merits of his alleged cause of action for unlawful seizure. A seizure does not occur within the meaning of the Fourth and Fourteenth Amendments when a police officer approaches a person under circumstances which would lead a reasonable person to believe that he or she was free to leave (*see, People v Medina*, 107 AD2d 302, 304-305). This record reflects that plaintiff voluntarily engaged in conversation with Ginter, and Ginter did and said nothing which would convey the impres-

sion to any reasonable person that a seizure had occurred and that plaintiff was not free to leave. Thus, we find no merit to this cause of action.

Similarly, we find without merit plaintiff's cause of action for the unauthorized exercise of official functions. Plaintiff's argument depends on the existence of a private cause of action for a public servant's violation of Penal Law § 195.00. In pertinent part, Penal Law § 195.00 reads: "A public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit: 1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized." "To determine whether a private right of action may be implied from a statute, a three-part test must be satisfied. To be entitled to sue for a statutory violation, the plaintiff must demonstrate: (1) that he or she is a member of the class for whose benefit the statute was enacted, (2) that the recognition of a private right of action would promote the legislative purpose, and (3) that the creation of such right would be consistent with the legislative scheme" (*Negrin v Norwest Mtge.*, 263 AD2d 39, 46 [citations omitted]; *see, Oja v Grand Ch. of Theta Chi Fraternity*, 257 AD2d 924, 925-926).

This cause of action fails for several reasons. First, there is no evidence that Ginter violated Penal Law § 195.00 (1), as there has been no showing that he either intended to obtain a benefit from his actions at the school or deprive plaintiff of a benefit (*see, People v Feerick*, 93 NY2d 433). Moreover, "[t]he Legislature intended to encompass flagrant and intentional abuse of authority by those empowered to enforce the law" (*id.*, at 445). Ginter's actions did not rise to this level. Also, nothing in the legislative history concerning the enactment of this statute indicates that plaintiff is a member of a class for whose benefit the statute was enacted (*see*, Mem of Assembly Member Harvey Weisenberg, 1990 NY Legis Ann, at 441).

As a final matter, Supreme Court correctly dismissed the cause of action seeking punitive damages since we find that Ginter's statement did not constitute slander, was not made with malice and because it is well settled that a separate cause of action for punitive damages does not exist (*see, Pileckas v Trzaskos*, 126 AD2d 926, *lv denied* 70 NY2d 601; *Carney v Memorial Hosp. & Nursing Home*, 101 AD2d 990, *mod on other grounds* 64 NY2d 770).

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied

defendants' motion for summary judgment; said motion granted in its entirety, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.