Sampedro v Ellwood Realty, LLC (2018 NY Slip Op 05120)





Sampedro v Ellwood Realty, LLC


2018 NY Slip Op 05120


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Gische, Kahn, Singh, Moulton, JJ.


7085 307054/09

[*1]Carlos Sampedro, et al., Plaintiffs-Appellants,
v
Ellwood Realty, LLC, et al., Defendants-Respondents.


Simonson Hess Leibowitz & Goodman, PC, New York (Alan B. Leibowitz of counsel), for Carlos Sampedro and Gina Sampedro, appellants.
Richard Janowitz, PC, Mineola (Richard Janowitz of counsel), for Belarminio Ramirez, appellant.
Dillon Horowitz & Goldstein LLP, New York (Michael M. Horowitz of counsel), for respondents.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered October 4, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The record establishes that the subject building's superintendent was not responsible for performing flooring renovations on defendants' behalf, and that defendants did not undertake to perform, contract for, or pay for flooring work in tenants' apartments. Although the superintendent recommended plaintiffs to a tenant who was interested in having flooring work in her apartment, he assisted plaintiffs in performing some of the work, and recommended that plaintiffs use paint or lacquer thinner as part of the flooring work, the work he performed was not part of his duties for the building owner or manager. Since the superintendent was not acting within the scope of his employment, defendants cannot be held liable for his actions (see Davis v City of New York , 226 AD2d 271 [1st Dept 1996], lv denied 88 NY2d 815 [1996]; Stavitz v City of New York , 98 AD2d 529, 531 [1st Dept 1984]).
Furthermore, "[a]s a general rule, a principal is not liable for the acts of an independent contractor because, unlike the master-servant relationship, principals cannot control the manner in which independent contractors perform their work" (Saini v Tonju Assoc. , 299 AD2d 244, 245 [1st Dept 2002]). Here, the relationship between defendants, as property owner/manager, and plaintiffs, as independent contractors, is even more attenuated than the typical principal-independent contractor relationship. Plaintiffs were not retained by defendants to perform the flooring work, but by a third party, namely a tenant in defendants' building. Accordingly, defendants cannot be held liable for the results of the means and methods of an independent [*2]contractor which they did not hire in the first instance, and over whose work they had no control.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK