Richard J. Cardamone, J.
This is an action instituted against a municipality, the Village of Herkimer, amongst other defendants. A motion has been made by the defendant village to dismiss the plaintiff’s complaint pursuant to CPLR 3211 (subd. [a] , par. 5) pursuant to the provisions of that section which provide that a motion to dismiss may lie where the Statute of Limitations has run.
The accident which gives rise to the action occurred on October 4, 1966. The service of a bare summons was made on the defendant village on January 4,1968. The summons was mailed to the Sheriff of Herkimer County on December 28, 1967 and received by that office on January 2, 1968 and served by them on the defendant on the date above mentioned.
Section 50-i of the General Municipal Law provides where an action is instituted against a respondent village the service shall be commenced within one year and 90 days after the happening of the event upon which the claim is based.
One year and 90 days from" the happening of the accident in question is January 2,1968. The summons in this case was not served until January 4, 1968 — two days beyond the statutory period. The plaintiff argues, however, that CPLR 203 (subd.
[b] , par. 4) provides in effect that a claim asserted in a complaint is interposed against the defendant when “ the summons is delivered for service upon the defendant to the sheriff in a county in which the defendant resides # * * or, where the defendant is a corporation, in a county in which it may be served, if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision If this provision applies, clearly the service *769 was timely and the defendant’s motion to dismiss must be denied. The question raised is whether or not this provision of the CPLR is to be employed to extend the period of time within which an action may be instituted as against a municipality when the Statute of Limitations within the General Municipal Law has already fixed the time within which it must be served. If this section of the CPLR (203, subd. [b]) may be employed to modify and give an extension of a 60-day period of grace to the provisions of the General Municipal Law, it is clear that the receipt by the Sheriff, as appears from an affidavit attached to the opposing papers in this motion, on January 2, 1968, was a timely service since that would fall within the period of a year and 90 days.
CPLR 203 (subd. [a]) provides: “ The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed” (emphasis supplied). Subdivision (b), paragraph 4, of that section provides for the 60-day period after the summons is delivered to the Sheriff of the county where the defendant is a resident. Subdivision 2 of section 50-i of the General Municipal Law which immediately follows paragraph (c) of subdivision 1 of section 50-i states: ‘ ‘ This section shall be applicable notwithstanding any inconsistent provisions of law, general, special or local”. Such explicit language used in the CPLR, to the effect that the time limitations provided for in section 203 would apply unless it was otherwise prescribed, has reference to the express provision of General Municipal Law (§ 50-i, subd. 1, par. [c]) which limits actions against municipalities to one year and 90 days. Even more emphatic, however, is subdivision 2 of section 50-i, which states that one year and 90 days is to be applied notwithstanding any inconsistent law.
The courts have from time to time permitted general practice act provisions to implement the Statute of Limitations (Hamilton v. Royal Ins. Co., 156 N. Y. 327, [limitations of time on a fire insurance policy]; Cohoes Bronze Co. v. Georgia Rome Ins. Co., 243 App. Div. 224), and have extended the time limitation for bringing on a wrongful death action under the Decedent Estate Law (Kerr v. St. Luke’s Hosp., 176 Misc. 610, 262 App. Div. 822, affd. 287 N. Y. 673). It now appears that the additional 90 days were provided for under subdivision 2 of section 50-i of the General Municipal Law to compensate for statutory stays and that no further extensions were to be imparted by the way of CPLR 204 for the 30-day period a plaintiff is required to wait after serving a notice of claim. (Joiner v. City of New *770 York, 26 A D 2d 840; Hlanko v. New York City Housing Auth., 23 A D 2d 840.)
Other tolls (e.g., infancy) were not eliminated by this 1959 amendment to the statute. (Abbatemarco v. Town of Brookhaven, 26 A D 2d 664.) By a parity of reasoning CPLR 203 (subd. [b], par. 4) should not be construed as granting a further extension of 60 days beyond the 90-day period already provided by the Legislature. If such limitations are to be extended, it should not be by judicial interpretation but, rather, by legislative action.
The defendant municipality’s motion to dismiss the plaintiff’s complaint as against it is granted.