Morris E. Spector, J.
Petitioner moves for the issuance of a certificate of reasonable doubt.
The facts preceding the hearing and the imposition of sentence (30 days) arq not m dispute. Mr. Justice Murtagh is presiding at a trial involving 13 defendants, usually referred to as the “Black Panther” trial. All reasonable accounts from the daily press and the official record clearly show that *343 both participants and spectators have engaged in numerous outbursts against the trial procedure.
The record indicates that on February 19, 1970 the petitioner, a spectator in the courtroom, was charged with having committed contempt of court in the view and presence of the court by behaving in a disorderly, contemptuous and insolent manner which interrupted court proceedings, in that he breached the peace of the court and caused disruption and interruption of the court’s proceedings by shouting out, with others, during court proceedings, and willfully disobeyed and resisted the court’s lawful mandate when he raised his hand and arm in a defiant salute to the defendants on trial after having been specifically directed by the court to refrain from such conduct.
The record of the court proceedings on the day in question shows that before the defendants were even brought into the courtroom defense counsel and spectators were admonished by the court to conduct themselves in an orderly and judicial manner. It was made clear by the court that continued misconduct would not be tolerated. Defense counsel assured the court that they were making best efforts to control the defendants in order for the proceedings to continue in an orderly and judicial manner. The defendants were then ushered into the courtroom, when several of them began to shout the slogan, “ Power to the people.” Whereupon, members of the audience, including petitioner, responded, “ All power to the people.” The court then directed that petitioner, who was specifically seen raising his arm and shouting, be brought forward. He was then advised that the court was considering holding him in summary contempt for his willful and contumacious conduct. Petitioner was asked if he had anything to say. His response was “ No ”, but he did give his name and his address. Petitioner was then given an opportunity to explain his conduct or express any reason why he should not be held in contempt for his conduct. The response, from the official transcript was, “ I don’t recognize this Court as representing the people, and therefore I have no .respect for this Court, and I will say what I feel like saying, because that is what I believe in.” Whereupon the petitioner was ordered and adjudged in contempt of court and confined to county jail for a period of 30 days. A request by defense counsel to defer sentence to give petitioner ‘ ‘ an opportunity to prepare a lawyer ’ ’ and have him present with petitioner was denied.
After a short recess an attorney appeared before the court, asking for permission to represent petitioner, which permission was granted. His request for an adjournment to prepare his *344 case was denied. Bequests for bail and for an investigation before .sentence were also denied. The court did volunteer to give counsel a recess to discuss the matter, which was turned down. Another request, that Justice Murtagh excuse himself as being both prosecutor and Judge and that the case be tried before another Judge, was also denied. At this time petitioner was again ordered and adjudged in contempt of court and sentenced to 30 days in the county jail. On February 25, 1970, petitioner .served and filed a notice of appeal to the Appellate Division, First Department.
Section 750 (subd. A, par. 1) of the Judiciary Law is accurately interpreted by petitioner. Said section does provide that the behavior complained of, to be contemptuous, must directly tend to interrupt the proceedings or impair the respect due the court’s authority. A reading of the record leaves no doubt that petitioner’s conduct, along with others, not only directly tended to, but most definitely did interrupt the proceedings and impair the respect due the court’s authority. Petitioner does not deny participating in the outbursts or raising his arm as charged, nor does he, nor can he, deny the disrespectful nature of the remarks directed at' the court when asked for explanation of his conduct. In view of this, and particularly after being specifically warned by the court, petitioner’s assertions that his conduct did not clearly and “ directly tend ” to obstruct the proceedings border on the absurd and are rejected by this court. (Matter of Social Serv. Employees Union v. Saypol, 23 A D 2d 55; Matter of Hayden v. Helfand, 28 A D 2d 567; Rudnick v. Jacobson, 284 App. Div. 1064.)
Nowhere is there required a hearing to determine petitioner’s guilt where the acts complained of were committed in the full view and presence of the court. Section 755 of the Judiciary Law provides that “where the offense is committed in the immediate view and presence of the court * * * it may M punished Summarily.” Similar provisions are contained in section 751 of the Judiciary Law, in the Federal law (Rules of Crim. Pro., rule 42, subd. [a]), and under the laws of most jurisdictions. The necessity for the exercise of summary power to punish contempt is well recognized. Due process is. not offended because counsel is not present or because the same Judge prosecutes and punishes (Cooke v. United States, 267 U. S. 517; Fisher v. Pace, 336 U. S. 155; Ungar v. Sarafite, 376 U. S. 575; Sacher v. United States, 343 U. S. 1; Goldman Plumbing & Heating Corp. v. Nesbit, 244 App. Div. 311),
Once it is established that summary contempt proceedings do not offend the constitutional notions of due process by *345 denial of a hearing and counsel, it follows that petitioner was not deprived of his rights when he was questioned by the court without having been advised of his Fifth Amendment right to remain silent, particularly inasmuch as the court made it clear that Katz was already in contempt and was only being given an opportunity to clear himself of the charges. The Sacher and Ungar cases cited above make it abundantly clear that Justice Murtagh could have immediately cited petitioner for contempt without anything further. Under the circumstances, petitioner’s position in this regard is unacceptable and is rejected.
Section 527 of the Code of Criminal Procedure provides for the issuance of a certificate of reasonable doubt in a case where an appeal is pending. Section 752 of the Judiciary Law, dealing with summary contempts, necessitates setting forth in a mandate of commitment the particular circumstances of the offense. “ Such mandate, punishing a person summarily for a contempt committed in the immediate view and presence of the court, is reviewable by a proceeding under article seventy-eight of the civil practice law and rules.” (Judiciary Law, §§ 752, 755.) Where the contempt is committed in the immediate view and presence of the court and is punished summarily, review must be had under article 78 of the CPLR (People v. Epps, 21 A D 2d 650; Ungar v. Sarafite, 16 A D 2d 617, affd. 12 N Y 2d 1013, affd. 376 U. S. 575; Douglas v. Adel, 269 N. Y. 144). Therefore, since the only remedy available to petitioner is by way of an article 78 proceeding, the relief sought by way of a certificate of reasonable doubt is improper under the circumstances. Accordingly, the motion is denied.