John W. Sweeny, J.
In this action whereby the plaintiff seeks damages for malicious prosecution, false arrest and false imprisonment the defendant, County of Orange, moves to dismiss because (a) the action is barred by the Statute of Limitations, (b) the County of Orange is not a proper party and (c) the complaint does not state a cause of action.
By cross motion the defendant, Gerald A. Finnegan and the Town of Blooming Grove also move to dismiss because of (a) the bar of Statute of Limitations and (b) their immunity to civil suit.
The plaintiff is an attorney who during the trial of a criminal matter was summarily held in contempt of court by Gerald A. Finnegan, Town Justice of the Town of Blooming Grove and sentenced to 5 days in jail. The basis of the alleged contempt was his conduct before the Justice of the Peace in pressing *657 -his objection to the testimony of a witness after he was denied • permission to conduct a voir dire.
The Justice of the Peace denied plaintiff an opportunity for a hearing to prove his good faith and lack of willfulness. Plaintiff was immediately taken in custody by the town police and removed to the Orange County jail. ' The following morning plaintiff was released from jail by judgment of a Justice of the Supreme Court (O’Gorman, J.) which concluded that the order of commitment did not comply with section 755 of the Judiciary Law.
At the outset the court must reject any suggestion that these causes of action are barred by the one-year Statute of Limitations of CPLR 215. Plaintiff commenced this lawsuit. after the expiration of the one-year period prescribed by CPLR 215 but within the extended one-year and 90-day period set forth by subdivision 1 of section 50-i of the General Municipal Law.
-Since subdivision 2 of section 50-i of the General Municipal Law explicitly provides that it shall be applicable notwithstanding any inconsistent provision of law, there is no question that its provisions supersede the shorter period of limitations provided by CPLR 215 and that this action was timely instituted. (Cf., also, CPLR 203, subd. [a]; Family Bargain Centers v. Village of Herkimer, 56 Misc 2d 768, 769.)
Although the plaintiff’s action was timely commenced the court believes that the County of Orange is not a proper party to this action.
The cause of action alleged against the' County of Orange is based on the failure of the Sheriff of Orange County and his deputies to detect an allegedly defective commitment order by which plaintiff was confined to the county jail. Plaintiff argues that since the Sheriff’s deputy who was responsible for this omission was performing work within the Sheriff’s criminal jurisdiction, vis-a-vis civil jurisdiction, he should be considered as having acted in the service of the public and not for the •Sheriff personally. By so reasoning plantiff seeks to avoid the mandate of article XIII (§ 13, subd. [a]) of the New York Constitution which provides that a county may never be made responsible for the acts of the Sheriff.
Plaintiff relies incorrectly upon the decision in McMahon v. Michaelian (38 A D 2d 60, affd. 30 N Y 2d 507) as authority for his position. In that case the appellate courts based their decision upon the Westchester County Administrative Code (L. 1948, ch. 852, as amd.), which placed the appointees of the Sheriff in the service of the county. The courts saw no con *658 flict with section 13 of article XIII of the New York Constitution because the county would still not be liable for acts of the Sheriff himself. In reaching its conclusion in McMahon (supra, pp. -62-63), the Appellate Division of the Second Department put special emphasis on the decision of the Court of Appeals in Matter of Grifenhagen v. Ordway (218 N. Y. 451) wherein the court was urged to reverse its determination in Matter of Flaherty v. Milliken (193 N. Y. 564). In refusing to reverse itself the Court of Appeals had specifically mentioned “ that the legislature might by an appropriate statute change the nature of the relation between the sheriff and his appointees so that the latter would no longer be strictly agents of the former.” (Matter of Flaherty v. Milliken, supra, p. 569.) It was just such a legislative enactment specifically making the county liable for the acts of all of the Sheriff’s appointees which formed the basis of the McMahon decision.
Since Orange County is not subject to a similar legislative enactment it is immune from liability in this -case for the allegedly negligent acts of a Deputy Sheriff. (Commisso v. Meeker, 8 N Y 2d 109; Isereau v. Stone, 3 A D 2d 243.) Additionally, section 500-c of the Correction Law, which gives the Sheriff of Orange County exclusive jurisdiction over the county jail is further evidence of the county’s lack of responsibility in this case (cf. Edwards v. County of Onondaga, 39 Misc 2d 443).
Accordingly, the county’s motion for summary judgment will be granted.
The court rejects plaintiff’s contention that the Justice of the Peace did not have jurisdiction of either the subject matter or the person of the plaintiff when he was summarily held in contempt of court without a hearing.
Under the former law, sections 19-21 of the Justice Court Act, a person could not be punished for contempt by a Justice of the Peace until he had been given an opportunity to be heard in his defense. However, the Legislature in enacting sections 211 and 2005 of the UJCA, did not carry over the hearing provision of section 21 of the Justice Court Act. The only limitations now imposed on a Justice of the Peace are those contained in article 19 of the Judiciary Law.
It is very probable that in this case the Justice of the Peace seriously abused his power to punish for contempt (Matter of Spector v. Allen, 281 N. Y. 251; McKinney’s Cons. Laws of N. Y., Book 29-A, Judiciary, Part 2, UJCA, § 210, Practice Commentary of Professor Siegel). This court believes that *659 he committed a serious judicial error by not permitting the plaintiff to attempt to explain away any willfulness in his actions (Cooke v. United States, 267 U. S. 517; Matter of Rotweiw [Goodman], 291 N. Y. 116, 124; Matter of Feltman v. Telesford, 26 A D 2d 992).
However, since the plaintiff herein was before the court and the alleged contempt was committed in the immediate view and presence of the court, there was both statutory jurisdiction of the subject matter as well as jurisdiction over the person of the plaintiff to support a summary determination pursuant to section 755 of the Judiciary Law (cf. Matter of Katz, 62 Misc 2d 342). Accordingly, as to the defendant Gerald A. Finnegan, individually and as Town Justice, the complaint is hereby dismissed since this court is satisfied that he was acting with jurisdiction when he attempted to summarily hold plaintiff in contempt of court. Accordingly, he is immune from civil suit and entitled to summary judgment.
Since the alleged liability of the defendant town is based on acts of its police officers and not on those of its Justice of the Peace, the motion with respect to the liability of said town is denied without prejudice. The moving papers do not speak to the issue of the liability of the town for the acts of -its police officers.