■ LOTHAIR H. SZERLIP, Appellant, v GERALD A. FINNEGAN, Individually and as Town Justice of the Town of Blooming Grove, et al., Defendants, and TOWN OF BLOOMING GROVE, Respondent.—In an action to recover damages for malicious prosecution, false arrest and false imprisonment, plaintiff appeals from an order of the Supreme Court, Orange County, dated July 21, 1975, which granted the motion of defendant Town of Blooming Grove to dismiss the complaint as against it. Order affirmed, without costs or disbursements. Neither a police officer nor his employer is subject to a claim of malicious prosecution, false arrest or false imprisonment for executing a certificate of commitment which appears valid on its face. Neither a town nor its employees may be held liable for carrying out an erroneous judicial mandate where the court had jurisdiction over the party and the subject matter involved (cf. *Szerlip v Finnegan,* 77 Misc 2d 655, affd 47 AD2d 603). Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.

■ LIPA TEITELBAUM, Respondent, v EMIL FRIEDMAN, Appellant.—In a defamation action, defendant appeals from an order of the Supreme Court, Kings County, dated June 24, 1976, which denied his motion to resettle a prior order of the same court, dated May 13, 1976, which order, *inter alia,* designated the Union of Orthodox Rabbis as arbitrator. Order reversed, without costs or disbursements, and motion granted to the extent that the order of May 13, 1976 is resettled by adding thereto a provision that the arbitrators to be designated by the Union of Orthodox Rabbis to hear and determine the controversy between the parties shall not be any of the rabbis who formerly sat in any proceeding in which the defendant was involved, or any rabbi residing in the Borough of Brooklyn. Under the circumstances of this case, the added provision should have been made part of the order under review. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.