■ MELVIN THARPS, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. — In an action to recover damages for assault and battery, defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Goldman, J.), dated July 13, 1982, which denied its motion for summary judgment dismissing the complaint as against it on the ground that the action is barred by the Statute of Limitations. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed as against the defendant New York City Transit Authority. Plaintiff commenced an assault and battery action, *inter alia,* against the New York City Transit Authority (hereinafter Transit Authority) one year and 82 days after the incident upon which his claim was based. The Transit Authority subsequently moved for summary judgment dismissing the complaint as against it on the ground that the action was not commenced within the one-year period of limitation set forth in CPLR 215 (subd 3). In holding that the action was timely, Special Term found that the one-year and 90-day period of limitation contained in subdivision 2 of section 1212 of the Public Authorities Law was applicable. We disagree. Subdivision 2 of section 1212 of the Public Authorities Law is designed to assure that all tort actions against the Transit Authority are promptly brought and, to that end, the statute provides that any action against the Transit Authority founded on tort "shall not be commenced *more than* one year and ninety days after the happening of the event upon which the claim is based" (emphasis supplied). CPLR 215 (subd 3), however, more specifically directs that any action for assault and battery *"shall be commenced* within one year" (emphasis supplied). We hold that the mandatory provisions of the latter statute control, and that therefore the one-year period of limitation applies in the case at bar. The cases relied upon by Special Term are plainly distinguishable. In both *Sorge v City of New York* (56 Misc 2d 414 [libel and slander]) and *Szerlip v Finnegan* (77 Misc 2d 655, affd 47 AD2d 603 [malicious prosecution, false arrest and false imprisonment]), it was held that the one-year and 90-day period of limitation set forth in subdivision 1 of section 50-i of the General Municipal Law superseded the one-year period of CPLR 215. In each of those cases, however, the holding was predicated upon subdivision 2 of section 50-i of the General Municipal Law which provides that the section "shall be applicable notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any city charter". In the absence of any comparable supersedure provision in the Public Authorities Law, there is no reason to hold that the Transit Authority may be subjected to a longer period of limitation for assault and battery than a private individual would be for the same tort. Mollen, P. J., Weinstein, Bracken and Rubin, JJ., concur.