OPINION OF THE COURT
Memorandum.
The order of the Appellate Division granting the motion to dismiss the complaint should be reversed, with costs, and the complaint reinstated.
The limitations period applicable to actions for assault was reduced by the Legislature in 1962 to one year. When in 1969 the Legislature extended the period of limitations applicable to an action against the Transit Authority “founded on tort” to one year and 90 days it was, therefore, aware that some torts, including assault, were governed by a lesser, one-year period. Having failed to differentiate between types of tort actions against the authority, the Legislature must be deemed to have intended to change the limitation period for an action against the authority for assault to one year and 90 days.
The conclusion thus reached is substantiated by the letter of the authority’s counsel contained in the Bill Jacket of the bill which became chapter 618 of the Laws of 1969 which recognized that the effect of the amendment was to subject the authority to “the same period of time for the commencement of tort actions against [the authority] *1025 as is now provided for similar actions against the City of New York * * * pursuant * * * to General Municipal Law, section 50-i.” Trayer v State of New York (90 AD2d 263), relied upon by the authority, is distinguishable, the amendment there having been to shorten the CPLR provision, not (as here) to extend the time period for bringing an action against the tort-feasor (there the State under the Court of Claims Act, here the Transit Authority under the Public Authorities Law).
The action having been begun within one year and 82 days after the happening of the assault on which the claim is based was, therefore, timely.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, with costs, and the complaint reinstated in a memorandum.