■ WAYNE LEDERER, Respondent, v NASSAU COUNTY DEPARTMENT OF CORRECTIONS et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated February 11, 1985, as granted the plaintiff's motion to strike their third and fourth affirmative defenses.

Order modified, on the law, by deleting the provision granting that branch of the plaintiff's motion which was to strike the third affirmative defense, substituting therefor a provision denying that branch of the plaintiff's motion, reinstating that affirmative defense with respect to the first two causes of action, and dismissing the first two causes of action. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, while incarcerated at the Nassau County

Correctional Center, was allegedly assaulted by fellow inmates on three separate occasions. In his complaint, the plaintiff asserted, *inter alia,* that the defendants negligently failed to provide adequate protection, which, purportedly, was the proximate cause of the assaults. The attacks occurred on September 5, 1983, December 9, 1983, and March 20, 1984. In addition, the plaintiff alleged that the defendants Nassau County Medical Center and the County of Nassau committed medical malpractice in their treatment of him following the December 9, 1983 assault. The summons and complaint, asserting four causes of action, was served on December 14, 1984. Thereafter, the defendants joined issue by service of an answer, asserting, *inter alia,* that the action, in whole or part, was time barred and that notices of claim were not timely filed.

Initially, Special Term correctly held that notices of claim were timely served with respect to all four causes of action. However, the court was incorrect in finding that the plaintiff's first two causes of action, which relate to the September 5, 1983, and December 9, 1983, assaults, were not barred by the applicable Statute of Limitations. Because the plaintiff's allegations concern the County Sheriff's duty to insure the safety of inmates of the County Jail *(see,* Correction Law § 500-c), the one-year Statute of Limitations contained in CPLR 215 (1) is applicable to the case at bar *(see, Adams v County of Rensselaer,* 66 NY2d 725, 727; *cf. Szerlip v Finnegan,* 77 Misc 2d 655, *affd* 47 AD2d 603). Accordingly, since the summons and complaint were served on December 14, 1984, more than one year following accrual of the plaintiff's first and second causes of action, those causes of action are time barred *(see,* CPLR 215 [1]). Moreover, contrary to the plaintiff's contention, his incarceration is not a disability which tolled the Statute of Limitations *(see,* CPLR 208). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.