■ ESTATE OF KAREN A. ADKINS, Deceased, et al., Appellants, v COUNTY OF NASSAU, Respondent.—In an action to recover damages for emotional and psychological injuries based on a theory of wrongful autopsy, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 10, 1987, which granted the defendant County of Nassau's motion to dismiss the complaint as time barred by the one-year Statute of Limitations (CPLR 215 [1]).

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The instant action, commenced against the defendant County of Nassau, was based on the allegation that the county's medical examiner had wrongfully performed an autopsy on the decedent Karen Adkins. In granting the defendant's motion to dismiss the complaint as time barred, the Supreme Court was of the view that a medical examiner and a coroner are "one and the same" and that the one year Statute of Limitations provided for in CPLR 215 (1) governed the instant action. That statute provides in relevant part, as follows:

"The following actions shall be commenced within one year:

"1. an action against a * * * coroner * * * upon a liability incurred by him by doing an act in his official capacity".

We disagree with the holding of the Supreme Court. Indeed, the issue of whether the offices of medical examiner and a coroner are one and the same is irrelevant for the disposition of this appeal. The action here was brought against the County of Nassau, and not the medical examiner. Accordingly, the applicable period of limitations is one year and 90 days as provided in General Municipal Law § 50-i. That period of limitations, which is expressly applicable to the county, takes precedence over the one-year period of limitations provided for in CPLR 215 *(see, Szerlip v Finnegan,* 77 Misc 2d 655, *affd* 47 AD2d 603; *see also, Tharps v City of New York,* 59 NY2d 1023, *revg* 92 AD2d 892). To the extent that *Lederer v Nassau*

*County Dept. of Corrections* (122 AD2d 251) holds to the contrary, it is overruled. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.