■ LAURA TUMMINELLO, Respondent, v CITY OF NEW YORK et al., Defendants, and JACOB JENKINS, Appellant. [622 NYS2d 714] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered August 23, 1993, which denied defendant Jenkins' motion to dismiss the complaint as against him, unanimously reversed, on the law, and the motion is granted, without costs.

The complaint, filed in January 1993, alleges that on December 1, 1991, while plaintiff and Jenkins were both police detectives assigned to the 114th Precinct in Queens, the latter engaged in an act of naked sexual exhibitionism before her and, shortly thereafter, when fully clothed, attempted to hug her. To the extent that the first, second and fourth causes of action seek damages against Jenkins individually under New York's Human Rights Law (Executive Law § 296), the pleading fails to state a cause of action because that statute applies only to employers. The third cause of action, alleging a "hostile work environment" under the Federal Equal Employment Opportunity Act of 1972, is similarly limited to complaints against an employer (42 USC § 2000e-2 [a]), even where the sexual harassment is alleged to have been committed by a co-employee *(see, Barrett v Omaha Natl. Bank,* 726 F2d 424). As a fellow employee, Jenkins had no civil liability to plaintiff under either of these statutes.

The fifth count of the complaint purports to state a cause of

action against Jenkins and the non-appealing municipal defendants based upon intentional infliction of extreme emotional distress. The motion court erred when it denied that branch of Jenkins' motion to dismiss this cause of action against him as barred by the one-year statute of limitations (CPLR 215 [3]) applicable to intentional torts *(Gallagher v Directors Guild,* 144 AD2d 261, *lv denied* 73 NY2d 708). The fact that this action was timely commenced against the municipal defendants within one year and 90 days (General Municipal Law § 50-i) is insufficient to preserve the individual claim against Jenkins, notwithstanding any duty the municipal defendants might have had to defend Jenkins under the provisions of General Municipal Law § 50-k (2) ("acting within the scope of his public employment and in the discharge of his duties"). However one may characterize Jenkins' alleged acts, they clearly were not job-related, or performed in furtherance of his official duties, and thus were not within the scope of his employment *(Stavitz v City of New York,* 98 AD2d 529).

Nor may the one-year time bar be evaded by the suggestion that Jenkins' acts should be governed by the three-year statute of limitations for negligence (CPLR 214 [5]). Having failed to allege any of the essential elements of tortious negligence, the complaint leaves little room for construing the alleged conduct as anything but intentional. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.