■ Christine Clark, Respondent, v City of Ithaca et al., Appellants. [652 NYS2d 819] —Mikoll, J. P. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered July 14, 1995 in Tompkins County, which, *inter alia*, denied defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff sued defendants for personal injuries and related civil rights claims arising from plaintiff's arrest by Officer Joan Russell, a City of Ithaca police officer, on April 20, 1990. A notice of claim was filed with the City on July 10, 1990 and a summons with notice was served on July 11, 1991. A verified complaint was served August 13, 1991 followed by an amended complaint.

Plaintiff asserted six causes of action against defendants: (1) use of excessive force and assault by Russell and negligent training of Russell by the City, (2) assault and battery, (3) false

arrest, (4) false imprisonment, (5) malicious prosecution, and (6) Federal civil rights violations pursuant to 42 USC §§ 1983 and 1984. Plaintiff moved for discovery and defendants crossmoved for summary judgment dismissing the complaint on Statute of Limitations grounds.

Defendants, as movants, bear the burden of establishing that they are entitled to a dismissal of plaintiff's action as a matter of law (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Defendants contend that plaintiff's first through fifth causes of action against Officer Russell should be dismissed in that they allege intentional torts on her part. It is urged that such causes of action were required to be commenced within one year of their inception and that, while Russell as a municipal employee has indemnity protection by virtue of Public Officers Law § 18 (4) (b), this does not extend to intentional wrongdoing or recklessness.

We disagree. The City has admitted that Russell was acting within the scope of her employment during the period in question. She is thus benefited by the save-harmless requirement of General Municipal Law § 50-j (1). In any action against a police officer where General Municipal Law § 50-j (1) is applicable, it is to be commenced pursuant to the provisions of General Municipal Law § 50-i (see, Pileckas v Trzaskos, 126 AD2d 926, lv denied 70 NY2d 601). The instant matters were initiated within the one year and 90-day requirements of General Municipal Law § 50-i (see, Bacalokonstantis v Nichols, 141 AD2d 482). Only where a finding is made that the police officer's acts were clearly not within the scope of employment is the one-year Statute of Limitations of CPLR 215 (3) applicable. We find the causes of action herein to have been timely commenced despite the possible eventuality that punitive damages may be awarded against Russell.

Defendants assert that plaintiff's notice of claim is defective in that the causes of action asserting negligent training of Russell and false imprisonment were not mentioned therein. We disagree. The notice of claim requirement (see, General Municipal Law § 50-e) is intended to afford the municipality an opportunity to investigate the circumstances surrounding the claim and its merits while information is still available (see, Matter of Light v County of Nassau, 187 AD2d 720). We find the notice of claim to be sufficiently clear to implicate the question of Russell's training. The City acknowledged that Russell was acting within the scope of her employment; thus, the City could anticipate liability on its part for her actions if they stemmed from inadequate training. As to the false arrest

claim, the notice of claim states that Russell falsely arrested plaintiff and violated her civil rights. The City was therefore adequately apprised thereof (see, D'Alessandro v New York City Tr. Auth., 83 NY2d 891, 893).

Defendants, citing to Parker v Mack (61 NY2d 114), contend that plaintiff's Federal civil rights causes of action were not properly commenced because the summons with notice did not comply with CPLR 305 (b). The contention is without merit. The notice in the summons clearly states that the nature of the action is "negligence [and] personal injury; assault; battery, malicious prosecution; false arrest and false imprisonment. The relief sought is substantial money damages". We find that such allegation sufficiently incorporates her Federal civil rights claims. Absolute precision is not necessary (see, Viscosi v Merritt, 125 AD2d 814).

Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.