■ WILLIAM J. WRIGHT et al., Appellants, v CITY OF NEWBURGH et al., Respondents. [686 NYS2d 74] —In an action, *inter alia,* to recover damages for assault, false imprisonment, and malicious prosecution, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated February 23, 1998, as granted the defendants' motion to dismiss the complaint to the extent of dismissing the first, second, third, and fifth causes of action.

Ordered that the order is modified, on the law, by deleting

therefrom the provision granting the defendants' motion to the extent of dismissing the first, second, third, and fifth causes of action, and substituting therefor a provision granting the motion to the extent of dismissing those portions of the complaint which seek to recover damages for malicious prosecution and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the first, second, third, and fifth causes of action are reinstated to the extent indicated.

We agree with the plaintiffs that their causes of action based on allegations of intentional tortious conduct by the municipal defendants were erroneously dismissed as time-barred under the one-year Statute of Limitations set forth in CPLR 215 (3). Rather, as we previously have held, such claims are governed by the one year and 90-day period set forth in General Municipal Law § 50-i, which "takes precedence over the one-year period of limitations provided for in CPLR 215" (*Estate of Adkins v County of Nassau,* 141 AD2d 603; *see also, Clark v City of Ithaca,* 235 AD2d 746; *Tumminello v City of New York,* 212 AD2d 434; *Szerlip v Finnegan,* 77 Misc 2d 655, *affd* 47 AD2d 603). To the extent that certain language in our decisions in *Shapiro v Town of Clarkstown* (238 AD2d 498), *Golomb v Westchester County Med. Ctr.* (201 AD2d 702), and *Sanchez v County of Westchester* (146 AD2d 620) may be read to the contrary, that language should not be followed.

Since the plaintiffs' claims sounding in malicious prosecution failed to allege the requisite elements of that tort (*see, Broughton v Schanbarger,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929), the Supreme Court properly dismissed those claims. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.