■ SUSAN K. BOSONE, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [712 NYS2d 128] —In an action, *inter alia,* to recover damages for assault, battery, and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), entered May 14, 1999, which (1) denied her motion to dismiss the defendants' affirmative defense that the Statute of Limitations had expired, (2) granted the defendants' cross motion to dismiss the complaint on the grounds, among others, that the first through sixth causes of action are barred by the Statute of Limitations, that the seventh cause of action pursuant to 42 USC § 1983 failed to allege that the plaintiff's civil rights were violated by the execu-

tion of an official policy or custom established by the defendant County of Suffolk, and that no notice of claim was filed in connection with the ninth cause of action alleging malicious prosecution, and (3) denied her separate motion for leave to file a late notice of claim with regard to the ninth cause of action.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the plaintiff's motion to dismiss the defendants' affirmative defense based on the Statute of Limitations and substituting therefor a provision granting that motion, (2) deleting the provision thereof granting that branch of the defendants' cross motion which was to dismiss the first through sixth causes of action as time-barred and substituting therefor a provision denying that branch of the cross motion, (3) deleting the provision thereof granting that branch of the defendants' cross motion which was to dismiss the seventh cause of action to recover damages pursuant to 42 USC § 1983 and substituting therefor a provision granting that branch of the cross motion only to the extent of dismissing that cause of action insofar as asserted against the defendant County of Suffolk and otherwise denying that branch of the cross motion, (4) deleting the provision thereof granting that branch of the defendant's cross motion which was to dismiss the ninth cause of action and substituting therefor a provision denying that branch of the cross motion, and (5) deleting the provision thereof denying that branch of the plaintiff's cross motion which was for leave to file a late notice of claim and substituting therefor a provision deeming the plaintiff's cross motion for leave to file a late notice of claim to be an application for leave to amend the complaint to properly assert a cause of action for malicious prosecution, and granting the application; as so modified, the order is affirmed, with costs to the plaintiff.

The Supreme Court determined that the plaintiff's intentional tort causes of action were time-barred under CPLR 215. Causes of action to recover damages for intentional torts committed by municipal defendants, however, must be commenced within the one-year and 90-day period contained in General Municipal Law § 50-i, " 'which takes precedence over the one-year period of limitations provided for in CPLR 215' " (*Wright v City of Newburgh,* 259 AD2d 485, 486, quoting *Estate of Adkins v County of Nassau,* 141 AD2d 603). Since the intentional tort causes of action were commenced within one year and 90 days of the date of their accrual, the Supreme Court erred in granting those branches of the defendants' cross motion which were to dismiss those causes of action, and in denying the

plaintiff's motion to strike the affirmative defense of the Statute of Limitations.

The Supreme Court granted that branch of the defendants' motion which was to dismiss the plaintiff's cause of action alleging malicious prosecution and denied her cross motion for leave to file a late notice of claim with regard to that cause of action. However, the plaintiff filed a timely notice of claim and should have sought leave to amend the complaint rather than to file a late notice of claim. Under the circumstances, the plaintiff's cross motion for leave to file a late notice of claim should have been deemed an application for leave to amend the complaint to properly assert a cause of action for malicious prosecution, and granted (see, Rushmore v Hempstead Police Dept., 211 AD2d 776). Since the defendants were aware of the allegations of the malicious prosecution cause of action, they are not prejudiced.

The plaintiff's cause of action pursuant to 42 USC § 1983 should be dismissed only insofar as asserted against the defendant County of Suffolk. The complaint did state a cause of action pursuant to that statute against the individual defendant police officers. The requirement of pleading an official policy or custom of a municipality through which a constitutional injury has been inflicted upon a plaintiff applies only to 42 USC § 1983 claims against a local government, and not to such claims against individual defendants in their official capacities (see, Monell v Department of Social Servs., 436 US 658; Mann v Alvarez, 242 AD2d 318). Ritter, J. P., Santucci, S. Miller and Goldstein, JJ., concur.