[739 NYS2d 797]

RONALD M. RUGGIERO, Appellant, v JAMES PHILLIPS et al., Respondents.

Fourth Department, March 15, 2002

**APPEARANCES OF COUNSEL**

*Norman L. Mastromoro,* Little Falls, for appellant.

*Murphy, Burns, Barber & Murphy, LLP,* Albany (*Thomas K. Murphy* of counsel), for respondents.

**OPINION OF THE COURT**

HAYES, J.

Plaintiff commenced this action against defendants, James Phillips and the Village of Ilion (Village), alleging, inter alia, causes of action for libel and the violation of plaintiff's civil rights pursuant to 42 USC § 1983. The primary issue presented on this appeal is whether the libel causes of action against both Phillips and the Village had to be commenced within one year and 90 days of their accrual pursuant to General Municipal Law § 50-i (1) (c) or within one year of their accrual pursuant to CPLR 215 (3). We conclude that General Municipal Law § 50-i (1) (c) applies to the libel causes of action against both Phillips and the Village and thus that the order should be modified accordingly.

Plaintiff is a correction officer with the New York State Department of Correctional Services. After leaving work on April 10, 1999, he was pulled over in his vehicle by Phillips, a Village police officer, for speeding. Plaintiff was given a ticket for traveling 72 miles per hour where the speed limit was 55 miles per hour. Phillips informed his supervisor about the incident and prepared a written report. The report was classi-

fied as "disorderly correctional officer." According to Phillips, plaintiff questioned why he was pulled over and repeatedly used profanity, and Phillips described plaintiff as irate and belligerent. The report was faxed to plaintiff's supervisor on April 16, 1999.

Plaintiff served a notice of claim upon the Village on July 13, 1999 and commenced this action against Phillips and the Village on July 13, 2000. The complaint alleges 12 causes of action, only three of which are at issue on this appeal: the third cause of action against Phillips, for libel; the fourth cause of action against the Village, for libel; and the twelfth cause of action against the Village, for the violation of plaintiff's civil rights pursuant to 42 USC § 1983. In a preanswer motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), defendants contended, inter alia, that the libel causes of action were time-barred pursuant to CPLR 215 (3) and that plaintiff failed to state a cause of action under 42 USC § 1983. Supreme Court agreed with defendants that the libel cause of action against Phillips was time-barred pursuant to CPLR 215 (3), but determined that the libel cause of action against the Village was timely pursuant to General Municipal Law § 50-i (1) (c). In addition, the court dismissed the 42 USC § 1983 causes of action and all remaining causes of action in the complaint for failure to state a cause of action. The court thereafter denied plaintiff's motion to reargue and renew and granted defendants' cross motion to reargue. Upon reargument, the court dismissed the libel cause of action against the Village, determining that CPLR 215 (3) applied to the Village as well as Phillips. We conclude that the libel causes of action against Phillips and the Village should be reinstated.

The libel causes of action against both defendants accrued on April 16, 1999, the date on which the report of the April 10, 1999 traffic stop was faxed to plaintiff's employer. Plaintiff commenced this action against defendants on July 13, 2000, one year and 88 days later. Plaintiff contends that General Municipal Law § 50-i (1) (c) applies to both defendants. That section provides that any action or special proceeding against "a * * * village * * * for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such * * * village * * * or of any officer, agent or employee thereof * * * shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." In support of his position, plaintiff relies upon *Szerlip v*

*Finnegan* (77 Misc 2d 655, 657, *affd* 47 AD2d 603). Conversely, defendants contend that CPLR 215 (3) applies to both defendants. That section provides that an action for libel shall be commenced within one year of its accrual. In support of their position, defendants rely upon, inter alia, *Bonanno v City of Rye* (280 AD2d 630) and *Bardi v Warren County Sheriff's Dept.* (260 AD2d 763, 764).

■ With respect to the libel cause of action against the Village, we conclude that General Municipal Law § 50-i (1) (c), and not CPLR 215 (3), applies. General Municipal Law § 50-i (2) provides that "[t]his section shall be applicable notwithstanding any inconsistent provisions of law." In contrast, CPLR 201 provides that an action must be commenced within the time period specified in CPLR article 2 "unless a different time is prescribed by law." Thus, with respect to an action against a municipality, General Municipal Law § 50-i (1) (c) "takes precedence over the one-year period of limitations provided for in CPLR 215" (*Estate of Adkins v County of Nassau,* 141 AD2d 603, 603; *see, Wright v City of Newburgh,* 259 AD2d 485, 486; *see also, Tumminello v City of New York,* 212 AD2d 434, 435). In addition, in this action against the Village for the alleged wrongful act of one of its officials, plaintiff was required, pursuant to General Municipal Law § 50-i (1) (a), to comply with the notice of claim requirement set forth in General Municipal Law § 50-e. It therefore follows that General Municipal Law § 50-i (1) (c) applies with respect to the libel cause of action against the Village.

■ With respect to the libel cause of action against Phillips, we reach the same result, but our reasoning differs. If Phillips was acting in the performance of his duties and within the scope of his employment when he committed the alleged tort, the Village must indemnify him for damages arising therefrom (*see,* General Municipal Law § 50-j [1]; *Clark v City of Ithaca,* 235 AD2d 746, 747). If the Village must indemnify Phillips, then the Village is the real party in interest and General Municipal Law § 50-i (1) (c) applies to the libel cause of action against Phillips (*see, Clark v City of Ithaca, supra* at 747; *Fitzgerald v Lyons,* 39 AD2d 473, 474; *see generally, Alifieris v American Airlines,* 63 NY2d 370, 377-378). If, on the other hand, Phillips was not acting within the scope of his employment, then CPLR 215 (3) applies to the libel cause of action against Phillips (*see, Tumminello v City of New York, supra* at 435). In support of their motion to dismiss, defendants failed even to allege, much less establish, that Phillips was not acting

within the scope of his employment in preparing the written report. They thus failed to establish that CPLR 215 (3), rather than General Municipal Law § 50-i (1) (c), applies to the libel cause of action against Phillips.

Plaintiff also contends that the court erred in dismissing the 42 USC § 1983 cause of action against the Village for failure to state a cause of action. We disagree. The initial inquiry on a motion to dismiss a 42 USC § 1983 cause of action is whether plaintiff has alleged the violation of a federal statutory or constitutional right (*see generally*, *Linen v County of Rensselaer*, 274 AD2d 911, 913). "While common-law torts may parallel constitutional claims, only the violation of a constitutional right is actionable under section 1983" (*Ramos v City of New York*, 285 AD2d 284, 302). Here, plaintiff alleged that, due to the defamation by Phillips, he sustained injuries consisting of a blemished employment record with his present employer, limited future employment opportunities with other employers, and severe emotional distress. While injury to reputation, by itself, is a tort actionable in New York, it is not a liberty interest protected under the Fourteenth Amendment (*see, Siegert v Gilley*, 500 US 226, 233, *reh denied* 501 US 1265; *Paul v Davis*, 424 US 693, 709, *reh denied* 425 US 985). A cause of action against the Village pursuant to 42 USC § 1983 may be stated only by allegations that rise to the level of a "stigma plus" injury (*see, Valmonte v Bane*, 18 F3d 992, 999-1000; *Neu v Corcoran*, 869 F2d 662, 667, *cert denied* 493 US 816; *Zemsky v City of New York*, 821 F2d 148, 151, *cert denied* 484 US 965, *reh denied* 486 US 1019). Here, plaintiff failed to meet the "stigma plus" requirement by merely alleging injuries caused by "the deleterious effects which flow directly from a sullied reputation" (*Valmonte v Bane, supra* at 1001; *see, Siegert v Gilley, supra* at 233-234).

Accordingly, we conclude that the order should be modified by reinstating the libel causes of action against Phillips and the Village.

GREEN, J.P., HURLBUTT, KEHOE and BURNS, JJ., concur.

Ordered that the appeal from the order insofar as it denied reargument be and the same hereby is unanimously dismissed (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984) and the order is modified, on the law, by reinstating the libel causes of action against defendants James Phillips, individually, and the Village of Ilion and as modified, the order is affirmed, without costs.