(April 26, 2017)

■ A.A.A.A.A.R. CONSTRUCTION OF ORTHOPEDIC APPLIANCES, INC., Doing Business as A.A.A.A.A.R. ORTHOPEDICS, INC., Appellant, v VILLAGE OF BREWSTER et al., Respondents. [53 NYS3d 345]—

In an action to recover damages for injury to property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated June 29, 2015, as denied its motion pursuant to CPLR 3025 (b) for leave to supplement its bill of particulars to assert, inter alia, a theory of recovery based on violations of the Federal Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 *et seq.*).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly suffered damage to its property

following a water main break on August 5, 2005. In its notice of claim, dated October 31, 2005, the plaintiff alleged that the defendant Village of Brewster was negligent in allowing water to enter the plaintiff's place of business.

In 2006, the plaintiff commenced this action against the Village, and others, alleging negligence in causing the water main break and resulting damage to the plaintiff's property. In 2007, the plaintiff served a bill of particulars alleging, in relevant part, that "the [d]efendants, their agents, servants and/or employees were negligent and grossly negligent in that they dug up and excavated the . . . intersection of Main Street and Oak Street in Brewster, New York in such a manner which [caused] piping and plumbing located underneath [the] intersection . . . to break and become defective, resulting in large quantities of water to discharge . . . into the [p]laintiff's premises and property."

Eight years later, in 2015, the plaintiff, represented by new counsel, sought leave to supplement its bill of particulars to include new allegations of wrongdoing against the defendants, including, inter alia, a theory of recovery based on violations of the Federal Racketeer Influenced and Corrupt Organizations Act (18 USC § 1961 et seq.; hereinafter RICO).

The Supreme Court properly denied the plaintiff's motion for leave to supplement its bill of particulars. A bill of particulars may not be supplemented to assert new or changed theories of recovery if the time to assert such claims has run (see Calamari v Panos, 131 AD3d 1088, 1090 [2015]; Robinson v New York City Hous. Auth., 89 AD3d 497 [2011]; Hyacinthe v Edwards, 10 AD3d 629, 631 [2004]). At the time the plaintiff sought leave to serve its supplemental bill of particulars, both the 1-year and 90-day statute of limitations applicable to the Village (see General Municipal Law § 50-i [1]; Klein v City of Yonkers, 53 NY2d 1011, 1012 [1981]; Bosone v County of Suffolk, 274 AD2d 532, 533 [2000]), and the 4-year statute of limitations for the civil RICO claims applicable to the remaining defendants, had expired (see Rotella v Wood, 528 US 549, 552 [2000]; Agency Holding Corp. v Malley-Duff & Associates, Inc., 483 US 143, 156 [1987]; House of Spices [India], Inc. v SMJ Servs., Inc., 103 AD3d 848, 849-850 [2013]; Dempster v Liotti, 86 AD3d 169, 178 [2011]). Moreover, the new allegations set forth in the proposed supplemental bill of particulars did not relate back to the date of the original complaint or bill of particulars because the original pleadings did not give the defendants "notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR

203 [f]; *see Hustedt Chevrolet, Inc. v Jones, Little & Co.*, 129 AD3d 669, 670 [2015]).

Since the new allegations contained in the supplemental bill of particulars were time-barred or otherwise patently lacking in merit, the plaintiff's motion for leave to supplement its bill of particulars was properly denied (*see Calamari v Panos*, 131 AD3d at 1091; *Holmes v Town of Oyster Bay*, 82 AD3d 1047, 1049 [2011]). Mastro, J.P., Chambers, Miller and Barros, JJ., concur.