Schwartz v Walter (2019 NY Slip Op 02738)





Schwartz v Walter


2019 NY Slip Op 02738


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2016-07823
 (Index No. 7721/12)

[*1]Moishe Schwartz, etc., appellant, 
v
Shaya R. Walter, et al., respondents.


Subin Associates, LLP, New York, NY (Robert J. Eisen of counsel), for appellant.
Hannum Feretic Prendergast & Merlino LLC, New York, NY (Jason A. Stewart of counsel), for respondent Shaya R. Walter.
Molod Spitz & DeSantis, P.C., New York, NY (Marcy Sonneborn and Robert Von Hagen of counsel), for respondent Yad Ezrah, Inc.
Mead, Hecht, Conklin & Gallagher, LLP, White Plains, NY (Elizabeth M. Hecht of counsel), for respondent Dov Danziger.



DECISION & ORDER
In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated June 22, 2016. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In August of 2011, the plaintiff's infant daughter was struck and killed by a motor vehicle. The plaintiff commenced this action in 2012, asserting causes of action to recover damages for personal injuries and wrongful death on behalf of his daughter's estate, and a derivative cause of action to recover damages for loss of services on his own behalf. The plaintiff was deposed in December 2015, and, in January 2016, he moved pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action to recover damages for negligent infliction of emotional distress. The Supreme Court denied the motion, and the plaintiff appeals.
Motions pursuant to CPLR 3025(b) for leave to amend a pleading are addressed to the sound discretion of the court (see Hofstra Univ. v Nassau County, N.Y., 166 AD3d 861). They should be freely granted in the absence of prejudice or surprise resulting directly from delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see Wander v St. John's Univ., 163 AD3d 896, 896-897; Lucido v Mancuso, 49 AD3d 220, 227). A motion to amend a complaint or other pleading to add a cause of action or theory of recovery that is time barred under the applicable statute of limitations is "patently devoid of merit" (Wander v St. John's Univ., 163 AD3d at 897; see A.A.A.A.A.R. Constr. of Orthopedic Appliances, Inc. v Village of Brewster, 149 AD3d 1016, 1017-1018; Calamari v Panos, 131 AD3d 1088, 1091; Quinto v New York City Tr. Auth., 7 AD3d 689, 689). Here, the plaintiff did not seek to amend his complaint to [*2]add a cause of action to recover damages for negligent infliction of emotional distress until after the three-year statute of limitation had expired (see CPLR 214[5]; Goldstein v Massachusetts Mut. Life Ins. Co., 32 AD3d 821, 821), and the plaintiff did not argue that the cause of action was timely pursuant to the relation-back doctrine (see CPLR 203[f]; Buran v Coupal, 87 NY2d 173, 177). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to amend the complaint.
In light of our determination, we need not address the parties' remaining contentions.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court