■ CHRISTOPHER T. MELITO, Appellant, v CANASTOTA CENTRAL SCHOOL SYSTEM, Respondent. [596 NYS2d 182] —Mikoll, J. P. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered September 11, 1991 in Madison County, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action and as time barred.

On August 1, 1988 plaintiff fell from a ladder while in the employ of Oneida Building Asbestos (hereinafter Oneida). Plaintiff was in the process of removing asbestos from a building owned by defendant. Oneida and defendant had contracts for certain work, labor and services to be performed at defendant's property. Plaintiff commenced suit against defendant on May 31, 1991 predicated on violations of Labor Law §§ 200, 240 and 241.

Defendant's motion for an order dismissing plaintiff's complaint for failure to state a cause of action was granted on the ground that plaintiff failed to allege compliance with General Municipal Law § 50-i and on the further ground that the action was time barred in that the one year and 90-day statutory limit required by General Municipal Law § 50-i was not met by plaintiff.

There should be an affirmance. General Municipal Law § 50-i applies to all actions and special proceedings against a public corporation and sets a statutory period during which a notice of claim must be filed. The legislative intention in enacting this section was to centralize and make uniform provisions

relating to commencement of actions against municipal corporations *(see,* Governor's Mem, 1959 NY Legis Ann, at 458; *see also, La Fave v Town of Franklin,* 20 AD2d 738). A complaint that fails to allege compliance with General Municipal Law § 50-i is legally insufficient and must be dismissed *(see, Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 62) regardless of whether the action is barred by the Statute of Limitations.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.