■ FRANK PRAVADA, Appellant, v COUNTY OF SARATOGA et al., Defendants, and CITY OF SARATOGA SPRINGS et al., Respondents. [637 NYS2d 508] —Per Curiam. Appeals from three orders of the Supreme Court (Keniry, J.), entered October 18, 1994, October 19, 1994 and October 24, 1994 in Saratoga County, which, *inter alia*, granted motions by various defendants to dismiss the complaint against them.

Plaintiff, a *pro se* litigant, was involved in an ongoing dispute with his neighbors, defendants Ernest Grant, Timothy Grant and Janice Grant. After a complaint was made by the Grants, plaintiff was arrested on July 17, 1988 by defendant City of Saratoga Springs Police Department. In April 1991, plaintiff commenced an action in US District Court for the Northern District of New York against defendant City of Saratoga Springs, defendant County of Saratoga, the Grants and numerous others. The complaint asserted various Federal civil rights and constitutional violations, along with State tort claims,

premised on a massive conspiracy from as early as December 1987 to eliminate plaintiff by attempted murder, torture, assault, battery and other means.

On May 10, 1991, defendant Daily Gazette Company published a newspaper article regarding plaintiff's Federal action. By order entered August 16, 1991, the Federal action, labeled "patently frivolous", was dismissed on the grounds of sovereign immunity and failure to state a cognizable claim. The State claims were, however, dismissed without prejudice.* On March 8, 1992, defendant Saratogian Division of Gannett Satellite Information Network, Inc. (hereinafter the Saratogian) published a newspaper article discussing various actions brought against the Police Department and therein mentioned the recent dismissal of plaintiff's Federal action.

On March 28, 1994, plaintiff commenced the instant action against the City, the City Council, the Police Department and various City officials (hereinafter collectively referred to as the City defendants), the Daily Gazette Company and its editor, defendant John E. N. Hume, III (hereinafter collectively referred to as the Gazette defendants), the Saratogian, managing editor Barbara A. Lombardo and publisher Monte I. Trammer (hereinafter collectively referred to as the Saratogian defendants), the County, the County Board of Supervisors, the County Sheriff's Department, and various County officials and employees (hereinafter collectively referred to as the County defendants), as well as private individuals such as the Grants. The complaint resembles that used in the Federal action. Plaintiff alleges, *inter alia*, that there has been a massive conspiracy to eliminate him "by murder, or by more sinister methods such as torture, terrorism, assault [or] staged accident". It further alleges various civil rights violations, violations of plaintiff's privacy and intentional infliction of emotional distress, defamation, terrorism, personal injury by torture, unlawful arrest, false imprisonment, "tyranny and oppression", and a violation of plaintiff's right to equal protection.

After joinder of issue and transfer of venue to Saratoga County, the Saratogian defendants, the Gazette defendants and the City defendants moved, *inter alia*, for dismissal pursuant to CPLR 3211. The Saratogian defendants further moved for the pro hac vice admission of their counsel. Supreme Court partially granted the respective motions and separate orders were entered dismissing the complaint against the Gazette

* In February 1992, the Second Circuit Court of Appeals unanimously affirmed the order and certiorari to the US Supreme Court was denied (*Pravda v United States*, 962 F2d 1, *cert denied* 504 US 974).

defendants and the City defendants. A third order was entered granting the Saratogian defendants' motion for the pro hac vice admission of counsel and the dismissal of the complaint against them. Plaintiff appeals from the three orders.

Preliminarily addressing the Saratogian defendants' motion for the pro hac vice admission of counsel, we find that Supreme Court did not abuse its discretion in allowing such counsel to appear for the limited purpose of proffering argument on the motion to dismiss (*see*, 22 NYCRR 520.9 [e] [1]; *see also*, 22 NYCRR 805.3 [a]).

Turning to the dismissal of the complaint against both the Saratogian and Gazette defendants, we find that Supreme Court properly determined that the libel claims are time barred since the action was commenced more than one year from the date of publication (*see*, CPLR 215 [3]; *Bassim v Hassett*, 184 AD2d 908). Further, since the gravamen of the complaint addresses an injury to plaintiff's reputation, the Statute of Limitations may not be circumvented by denominating the libel cause of action as a different tort (*see*, *Morrison v National Broadcasting Co.*, 19 NY2d 453, 458-460; *Matter of Entertainment Partners Group v Davis*, 198 AD2d 63, 64). Moreover, plaintiff cannot revive such claim by pleading it as a conspiracy (*see*, *Lowinger v State Univ. of N. Y. Health Science Ctr.*, 180 AD2d 606, *lv denied* 80 NY2d 753). Finally, noting that neither the conspiracy to commit a tort (*see*, *Alexander & Alexander v Fritzen*, 68 NY2d 968) nor a conspiracy to libel (*see*, *McGill v Parker*, 179 AD2d 98) is a cognizable cause of action, we find that the complaint was properly dismissed against the Saratogian and Gazette defendants.

As to the dismissal of the complaint against the City defendants, we find, upon our review of the record, that Supreme Court properly determined that the factual allegations, accepted as true for the purposes of the motion (*see*, *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634), state prima facie causes of action for assault, battery, false arrest/imprisonment and intentional infliction of emotional harm. Yet, as found by Supreme Court, dismissal was proper since plaintiff failed to comply with the notice of claim provisions, a condition precedent for commencing an action against the City for the negligence or wrongful acts of its officers or employees (*see*, General Municipal Law § 50-i [1] [a]; § 50-e [1] [a]).

Even accepting plaintiff's unsupported representation that a notice of claim had, in fact, been served on the City on June 21, 1989, we must still conclude that the notice was not served within 90 days after the alleged wrongful acts of the City

defendants purportedly occurred (*see,* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]). To the extent that the complaint can be read to include ongoing wrongful acts within the 90 days preceding the June 21, 1989 notice of claim, plaintiff failed to commence the action until March 28, 1994, well beyond the one-year Statute of Limitations for intentional torts (*see,* CPLR 215 [3]). As to the claims against the City defendants alleging acts which occurred after June 21, 1989, we again note a failure by plaintiff to serve a new notice of claim (*see,* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]). Hence, this deficiency, coupled with the failure to comply with General Municipal Law § 50-i (1) (b), mandates a dismissal of the complaint against the City defendants (*see, Melito v Canastota Cent. School Sys.,* 192 AD2d 754, 755).

Finally, addressing defense requests for the imposition of sanctions, counsel fees and costs associated with this appeal (*see,* CPLR 8303-a; 22 NYCRR 130-1.1), we decline to do so. Noting the status of this petitioner as a *pro se* litigant and mindful that the dismissal of the complaint by Supreme Court against these various defendants was premised upon a failure to either timely commence the action or fulfill a condition precedent, we find that plaintiff "cannot be faulted for failing to fully comprehend the merits of the legal argument presented [against him]" (*Matter of Levin v Axelrod,* 168 AD2d 178, 181-182). Thus, an award under these circumstances would be imprudent.

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.

