■ FRANK PRAVDA, Appellant, v COUNTY OF SARATOGA et al., Respondents. [680 NYS2d 705] —Peters, J. Appeal from an order of the Supreme Court (Keniry, J.), entered June 23, 1997 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

The underlying facts relevant to this appeal have been fully

reviewed by us in a prior appeal (224 AD2d 764, *lv denied* 88 NY2d 809). Therein, we found, *inter alia*, that as against the "City defendants", the action was time barred for failure to comply with notice of claim provisions. In the present appeal, the remaining defendants (i.e., the County of Saratoga, the Board of Supervisors of the County of Saratoga, the Saratoga County Sheriff's Department, as well as various named and unnamed County employees) moved for summary judgment on the same basis.

Acknowledging that plaintiff complained of injuries that began in December 1987 and continued until December 1993 and that a notice of claim was allegedly served on defendants on July 28, 1989, Supreme Court, heeding our guidance, granted defendants' motion for summary judgment dismissing the complaint for failure to comply with applicable notice of claim provisions and/or the Statute of Limitations. Upon this appeal, we affirm.

The General Municipal Law requires that a notice of claim be filed within 90 days of the accrual of a tort claim against a county or county employee (*see,* General Municipal Law § 50-i [1] [a]) and that the Statute of Limitations for such a claim is one year and 90 days (*see,* General Municipal Law § 50-i [1] [c]). As a condition precedent to the filing of a claim (*see, Mills v County of Monroe*, 59 NY2d 307, *cert denied* 464 US 1018), the failure to properly provide such notice can be deemed fatal (*see, Pravda v County of Saratoga*, 224 AD2d 764, *supra*) unless a motion is made within the Statute of Limitations of the underlying claim for an extension of time (*see, 423 S. Salina St. v City of Syracuse*, 68 NY2d 474, *appeal dismissed, cert denied* 481 US 1008) or where there exists a claim that such employees were acting outside the scope of their employment (*see, Clark v City of Ithaca*, 235 AD2d 746).

Viewing the facts herein in a light most favorable to plaintiff, it is clear that a request for an extension was not made nor was it alleged that municipal employees acted outside of the scope of their employment. The assertion is, instead, that defendants' acts, in furtherance of their duties, should not be condoned as "municipal functions". Such contention is, in our view, insufficient to eliminate the application of the notice provisions of the General Municipal Law.

In so applying these provisions to the acts or events which allegedly occurred prior to July 28, 1989—the date that a notice of claim was allegedly served—we find that they fall outside of the Statute of Limitations period prescribed in either General Municipal Law § 50-i or CPLR 215 (3) and, as to

any wrongful or negligent acts allegedly committed after such date, the failure to comply with the notice of claim provisions was fatal (*see, Pravda v County of Saratoga, supra*).

Since this action does not serve to "vindicate a public interest" (*Mills v County of Monroe, supra*, at 312), we affirm the grant of summary judgment to defendants.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.