■ RICHARD BARDI, Appellant, v WARREN COUNTY SHERIFF'S DEPARTMENT et al., Respondents. (And Another Related Action.) [687 NYS2d 775] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 30, 1997 in Warren County, which, *inter alia*, granted certain defendants' motions for summary judgment dismissing the complaints in action Nos. 1 and 2.

Plaintiff commenced action No. 1 in 1991 against defendants Warren County Sheriff's Department, its Sheriff and two Deputy Sheriffs, Kathleen Dudley and "John Doe", alleging false arrest, abuse of process and trespass. The complaint also set forth a cause of action against the Sheriff based upon his alleged failure to train and supervise his Deputies. The allegations stemmed from Dudley's arrest of plaintiff for aggravated harassment in the second degree in August 1990. Supreme Court granted a subsequent motion to dismiss the complaint based upon plaintiff's failure to file a notice of claim as required by General Municipal Law §§ 50-e and 50-i. Upon appeal, this Court modified Supreme Court's order with respect to the Sheriff, finding that service of a notice of claim was not a condition precedent to the action brought against him and that plaintiff's complaint, insofar as it alleged a cause of action against the Sheriff for his failure to properly train and instruct his Deputies, was legally sufficient (194 AD2d 21).

Thereafter, in August 1993, plaintiff commenced a lawsuit in the United States District Court for the Northern District of New York against the County, its District Attorney, two Assistant District Attorneys, the Sheriff, Dudley and Doe alleging

violations of 42 USC §§ 1983 and 1985 and setting forth State law claims sounding in false arrest, malicious prosecution and intentional infliction of emotional distress. The District Court dismissed plaintiff's Federal claims under 42 USC §§ 1983 and 1985, together with plaintiff's State law claims for false arrest and malicious prosecution. In so doing, the District Court declined to exercise jurisdiction with respect to plaintiff's remaining State law claims, e.g., plaintiff's cause of action for intentional infliction of emotional distress and his asserted violations of the NY Constitution. The District Court's decision in this regard subsequently was affirmed by the Second Circuit (*see, Bardi v Warren County*, 100 F3d 943).

Subsequently, in 1996, plaintiff commenced action No. 2 against defendants Warren County, its District Attorney, two Assistant District Attorneys, the Sheriff, Dudley and Doe, again alleging false arrest/abuse of process, malicious prosecution, conspiracy to deprive plaintiff of his constitutional rights and intentional infliction of emotional distress. The Sheriff moved to dismiss the complaint against him in action Nos. 1 and 2 and Doe moved for similar relief with respect to action No. 2, both asserting that plaintiff's causes of action were barred by, *inter alia*, res judicata and/or collateral estoppel, the applicable Statute of Limitations and, with respect to action No. 2, the failure to file a notice of claim. Shortly thereafter, the County, its District Attorney, the two Assistant District Attorneys and Dudley moved to dismiss the complaint against them in action No. 2 asserting, *inter alia*, that plaintiff's causes of action were barred by the one-year Statute of Limitations applicable to intentional torts and plaintiff's failure to file a notice of claim as required by General Municipal Law §§ 50-e and 50-i. Plaintiff opposed the requested relief and cross-moved for leave to serve a late notice of claim in action No. 2. Supreme Court granted defendants' respective motions and denied plaintiff's cross motion, prompting this appeal by plaintiff.

Turning first to the dismissal of action No. 2, we agree that the underlying causes of action, all of which flow from the allegedly unlawful arrest, detention and prosecution of plaintiff in August 1990, are intentional torts and, hence, are subject to the one-year Statute of Limitations set forth in CPLR 215. As plaintiff did not commence action No. 2 until August 1996, such causes of action plainly are time barred and, contrary to plaintiff's contention, the tolling provisions set forth in CPLR 205 (a) do not apply here. Moreover, even assuming that such claims were not time barred, plaintiff's failure to file a notice of claim would be fatal to his complaint as to all named defendants

(*see, Pravda v County of Saratoga*, 255 AD2d 717, 718) except the Sheriff (*see, Bardi v Warren County Sheriff's Dept.*, 194 AD2d 21, *supra*). Although plaintiff indeed cross-moved for permission to file a late notice of claim, such motion was not made within the statutory period and, hence, was properly denied (*see, Pravda v County of Saratoga, supra*, at 718). Accordingly, for the foregoing reasons, Supreme Court properly dismissed action No. 2 in its entirety and correctly denied plaintiff's cross motion for leave to file a late notice of claim.

As to action No. 1 against the Sheriff, it is apparent that whatever claim plaintiff may have against the Sheriff turns upon whether Dudley had probable cause to arrest plaintiff in August 1990. In this regard the District Court, after reviewing the extensive documentary evidence before it on the motion for summary judgment in the Federal action, concluded that based upon the information that she received from the complainant and the telephone company, together with the admissions made by plaintiff, Dudley indeed possessed probable cause to arrest plaintiff. The issue on the present appeal now distills to whether the District Court's finding that Dudley possessed probable cause to arrest plaintiff is entitled to preclusive effect.

In our view, such inquiry must be answered in the affirmative. As a starting point, it is well settled that an order entered on a motion for summary judgment constitutes a disposition on the merits and, accordingly, is entitled to preclusive effect for purposes of res judicata or collateral estoppel (*see, State Bank v McAuliffe*, 108 AD2d 979, 980-981, *lv denied* 65 NY2d 603, 741; *see also, Cruz v Kamlis Dresses & Sportswear Co.*, 238 AD2d 103, 103-104). Here, upon reviewing the complaint and other papers submitted in the Federal action, it is readily apparent that the very issue asserted by plaintiff in action No. 1—namely, that Dudley lacked probable cause to arrest him, thereby giving rise to a cause of action against the Sheriff for, *inter alia*, failure to properly train and supervise his Deputies, was squarely raised, thoroughly litigated and conclusively decided in the Federal action. Under such circumstances, we agree that the claims advanced by plaintiff against the Sheriff in action No. 1 are barred by collateral estoppel and find plaintiff's arguments to the contrary to be unpersuasive.

Plaintiff's remaining arguments in support of reversing Supreme Court's order, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.