Willie HAYGOOD, et ano., Plaintiffs,

v.

CITY OF NEW YORK,
et al., Defendants.

No. 99 Civ. 00026(LAK).

United States District Court,
S.D. New York.

Aug. 30, 1999.

Michael L. Spiegel, New York City, for Plaintiffs.

Jonathan Houghton, Assistant Corporation Counsel, Michael D. Hess, Corporation Counsel of the City of New York, New York City, for Defendants.

Richard Nahas, Morrie I. Kleinbart, Assistant District Attorneys, Robert M. Morgenthau, District Attorney, New York City, for Proposed Additional Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff Willie Haygood brings this Section 1983 action on his own behalf and sues also for loss of consortium on behalf of four minor children. Rebecca Haygood, an adult, joins him as plaintiff on a loss of consortium claim. The second amended complaint names as defendants the City of New York, three police officers, and an unspecified number of "John" and "Jane Does."

The essence of the claim set forth in the second amended complaint is false imprisonment. Plaintiff Willie Haygood contends that he was arrested on January 11, 1997 on an outstanding warrant for anoth-

er person named Willie Haygood who was born on the same date as plaintiff, that he informed the named officers and others that they had the wrong person, and that he was held for 16 days before the authorities so concluded and released him. The same thing allegedly occurred again on December 30, 1997, although defendant on that occasion allegedly was held in custody for more than a month before being released.

Two motions presently are before the Court. The first seeks leave to file a third amended complaint adding claims against New York County Assistant District Attorney Martha Bashford and a corresponding *respondeat superior* claim against the City.[1] The second seeks to substitute ten additional assistant district attorneys and New York County District Attorney Robert M. Morgenthau for the "Roe" defendants in the proposed third amended complaint.[2]

*The Motion for Leave to File a Third Amended Complaint*

The proposed third amended complaint would add Assistant District Attorney Martha Bashford as a defendant both on the Section 1983 and the pendent state law claims. All defendants, proposed and existing, oppose the motion insofar as it seeks to add state law claims on the ground that such an amendment would be futile because the complaint fails to allege compliance with the requirements of Sections 50–e and 50–i of the New York General Municipal Law.[3] They acknowledge that compliance with the General Municipal Law provisions is not required with respect to the Section 1983 claim, but assert that the proposed Section 1983 claim against her is insufficient as a matter of law.

1. The motion initially sought to appoint plaintiff Willie Haygood as next friend of Rebecca Haygood and to sue on her behalf on the ground of her alleged incapacity. That aspect of the motion, however, has been withdrawn.

2. Plaintiff's second motion seeks to substitute the named individuals for "Roe" defendants

in the third amended complaint. For reasons unknown, the unidentified defendants who were sued as "Does" in the second amended complaint have become "Roes" in the third.

3. N.Y. GEN. MUN. L.§§ 50–e, 50–i(McKinney 1999).

*Notice of Claim*

The provisions relied upon require that a plaintiff asserting state law tort claims against a public corporation (as defined) or its employees file a notice of claim with the entity within 90 days after the occurrence giving rise to the claim and commence suit within one year and 90 days thereafter. Compliance with these statutes, moreover, is an element of plaintiff's cause of action which must be pleaded in the complaint.[4]

Here, the proposed third amended complaint does not allege compliance with the General Municipal Law. Hence, strictly as a technical matter, leave to amend might well be denied on the ground that this failure alone would make amendment futile. But the Court need not rest on pleading technicalities alone.

■ The papers before the Court indicate that plaintiffs concededly filed no notice of claim with respect to the January 1997 arrest and ensuing detention, that plaintiff Rebecca Haygood did not file a timely notice of claim with respect to the December 1997 arrest and ensuing detention, and that plaintiff Willie Haygood filed a notice of claim regarding the December 1997 arrest and subsequent detention with the Comptroller of the City of New York on or about April 24, 1998. In these circumstances, Willie Haygood's proposed claims against Ms. Bashford with respect to the January 1997 arrest and detention plainly are insufficient not only because the complaint fails to allege compliance with the General Municipal Law, but because the papers before the Court establish that it could not do so.

■ The situation with regard to the December 1997 arrest and subsequent detention is slightly more complicated. Although not set forth in the complaint, papers submitted by plaintiff in a state court proceeding, copies of which are attached to the defendants' papers on this motion, show that Willie Haygood was released from custody following that arrest on January 30, 1998, slightly less than 90 days before the filing of his April 24, 1998 notice of claim with the City. Accordingly, the notice of claim appears to have been timely with respect to the final days of his confinement, although not with respect to the bulk of it or the arrest. But that does not get plaintiff all the way home.

To begin with, the District Attorney is a constitutional officer of New York County, not an employee or agent of the City of New York.[5] Assistant district attorneys are employees of the district attorney, not the City.[6]

It is a prerequisite to the commencement of a personal injury action against a public corporation, as defined in the General Construction Law, or its officer or agent, that the plaintiff first have served a notice of claim on the public corporation.[7] The General Construction Law defines "public corporation" to include a "municipal corporation," which in turn is defined to include a county.[8] Hence, in order to sue ADA Bashford, plaintiff was obliged first to serve a notice of claim on the County of New York.

Section 50–e of the General Municipal Law requires that notice be served upon a public corporation "by delivering a copy [of the notice of claim] personally, or by registered or certified mail, to the person designated by law as one to whom a summons

---

4. *E.g., Melito v. Canastota Central Sch. System,* 192 A.D.2d 754, 596 N.Y.S.2d 182 (3d Dept.1993).

5. *See* N.Y. Const., art. 13, § 13(a) (McKinney 1987); N.Y. County L. §§ 926–929 (McKinney 1991); *Drake v. City of Rochester,* 96 Misc.2d 86, 408 N.Y.S.2d 847, 854 (Sup.1978), *aff'd,* 74 A.D.2d 996, 429 N.Y.S.2d 394 (4th Dept. 1980) (district attorney is county officer).

6. *See* N.Y. County L. § 930; *Drake,* 408 N.Y.S.2d at 855 (county may be vicariously liable for acts of assistant district attorney).

7. N.Y. Gen. Mun. L. § 50–e, subd. 1, 3.

8. N.Y. Gen. Constr. L. § 66, subd. 1, 2 (McKinney 1951 & Supp.1999).

in an action in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation." [9] Section 311 of the Civil Practice Law and Rules requires that personal service upon a county be made upon "the chairman or clerk of the board of supervisors, clerk, attorney or treasurer" of the county.[10] While New York County does not have a board of supervisors,[11] a county attorney or a county treasurer,[12] it does have a county clerk, who is a constitutional officer.[13] As plaintiffs do not claim to have served the county clerk or any other county official designated in CPLR § 311, they did not satisfy the prerequisites to the commencement of an action against ADA Bashford. Accordingly, plaintiffs not only have failed to allege compliance with the General Municipal Law provisions, they plainly cannot do so, as their own submissions admit that they never served a notice of claim on the appropriate governmental entity.

■ Even if service of the notice of claim on the City were appropriate, plaintiffs would not have complied fully with the statute. There has been no showing that Mr. Haygood's notice sufficed to advise the City that a claim of tortious behavior by an assistant district attorney was being asserted. While neither side has put the notice of claim before the Court, plaintiff's papers quote it as saying only that plaintiff was incarcerated on a warrant for another person until January 30, 1998 at which time "the District Attorney of New York County consented to claimant's release..." [14] This certainly did not suggest misbehavior by an ADA.

Finally, plaintiffs have failed to indicate that ADA Bashford did or omitted to do anything in violation of Willie Haygood's rights within the 90 days preceding the service of the notice of claim on the City. Hence, even if the notice of claim otherwise were sufficient and had been served on the right entity, there would be no reason to suppose that it was timely.

Accordingly, plaintiffs' motion for leave to file a third amended complaint, insofar as it relates to the proposed state law claims against Ms. Bashford, must be denied on the ground that amendment in those respects would be futile.

*The Section 1983 Claim*

■ The proposed third amended complaint alleges that Willie Haygood, following the December 1997 arrest, informed ADA Bashford, among others, that he was not the person named in the warrant upon which he had been arrested.[15] It goes on to claim that the actions of all the defendants in arresting, imprisoning and prosecuting plaintiff violated his rights under the Fourth and Fourteenth Amendments.[16] His memorandum of law elaborates on the complaint, asserting that Bashford was told by a state court judge on January 14, 1997 to have Haygood fingerprinted but "apparently" failed to do so, resulting in an additional period of detention of up to 13 days.[17] At most, then, the complaint alleges only that ADA Bashford did not respond adequately to Haygood's assertion

9. N.Y. Gen. Mun. L. § 50–e, subd. 3(a).

10. N.Y. Cplr § 311, subd. 4 (McKinney 1990).

11. A county wholly included within a city does not have a county legislative body. N.Y. Const. art. 9, § 1(a).

12. The offices of county treasurer and county attorney exist elsewhere in the state by virtue of Sections 400, subd. 1, and 500 of the County Law, which do not apply to the counties within the City of New York. *See* N.Y. County L. § 2(a).

13. N.Y. Const. art. 13, § 13; N.Y. County L. § 908.

14. Pl. Reply Mem. 3.

15. Cpt ¶ 15.

16. *Id.* ¶ 18.

17. Pl. Mem., July 8, 1999, 6. There is substantial reason in the record to conclude that Bashford in fact had Haygood fingerprinted promptly. *See* Proposed Defendants' Mem. 6.

that the police had arrested the wrong man and failed to comply quickly with the state court's direction to have him fingerprinted.

Bashford argues that these assertions fail to state a claim upon which relief may be granted under Section 1983. Insofar as she contends that there was no violation of Haygood's federal constitutional rights by any failure to comply with the state judge's direction, she is correct. The broader contention that the alleged failure to respond adequately to the claim of mistaken identity implicates no federal rights is not free from doubt.[18] But there is no need to decide that issue here, as Bashford quite plainly is protected from liability on that score by the doctrine of absolute prosecutorial immunity.

■ A state prosecuting attorney who acts within the scope of her duties "in initiating a prosecution and in presenting the state's case, ... is immune from a civil suit for damages under § 1983."[19] That principle applies here.

When Bashford was confronted with Haygood's claim that he was not the person named in the warrant upon which he was arrested, she was faced with a situation that confronts all prosecutors. She was compelled to decide how to deal with a defendant's assertion of innocence and whether to proceed with the case. That is a function "intimately associated with the judicial phase of the criminal process."[20] It is not, as plaintiffs would have it, administrative or investigative. Rather, it calls for precisely the "independence of judgment"[21] which the doctrine of absolute

prosecutorial immunity is intended to protect. In consequence, the Court holds that Bashford is immune from suit on the proposed Section 1983 claim against her and that leave to amend to assert that claim therefore must be denied as futile. In any case, the proposed amendment comes too late, as the time fixed by the Court for seeking leave to amend, which already has been extended, has expired and discovery was completed prior to the filing of this motion. Defendants obviously would be prejudiced by reopening the case to address the new allegations against ADA Bashford.

*The Motion to Substitute the District Attorney and Ten ADAs*

Plaintiffs second motion seeks to substitute District Attorney Morgenthau and ten more assistant district attorneys for the "Roe" defendants named in the proposed third amended complaint.

Insofar as the proposed third amended complaint would assert state law claims against these defendants, amendment would be futile because no notice of claim ever was served on the County of New York. Thus, the only question is whether leave should be granted with respect to the Section 1983 claim.

The proposed third amended complaint manifestly states no legally sufficient Section 1983 claim against Mr. Morgenthau.[22] He is mentioned only in the caption, as one of the people "responsible for the prosecution of one Willie Haygood, not the plaintiff,"[23] as one for whose unspecified con-

---

18. *See Mason v. City of New York,* 949 F.Supp. 1068, 1074 (S.D.N.Y.1996).

19. *Imbler v. Pachtman,* 424 U.S. 409, 410, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

20. *Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).

21. *Imbler,* 424 U.S. at 423, 96 S.Ct. 984.

22. It should be noted that there are two somewhat different versions of the proposed third amended complaint before the Court—one at-

tached to the motion for leave to file a third amended complaint and the other attached to the motion to substitute named persons for "Roe" defendants. The second differs chiefly in that it lists the names of the proposed new defendants in the caption and text. This portion of the Court's opinion refers to the second version.

23. Cpt ¶ 12.

duct the City allegedly is responsible,[24] and as one whose unspecified conduct gave rise to loss of consortium claims.[25] He is not even mentioned in the portion of the complaint dealing with the Section 1983 claim. The complaint's passing mentions of Mr. Morgenthau do not allege the personal involvement in a deprivation of federal constitutional rights which is a *sine qua non* of liability under Section 1983.[26] Nor does the proposed third amended complaint even remotely begin to allege a legally sufficient claim for liability based on failure to train or supervise.[27]

The proposed third amended complaint is perhaps even more deficient with respect to the ten ADAs whom plaintiffs proposed to substitute. It alleges that Haygood informed each that he was the wrong man—some following the first arrest and others following the second—but nevertheless remained incarcerated.[28] But apart from the conclusory assertions that the actions of all defendants resulted in Haygood's arrest, imprisonment and prosecution, the complaint is silent as to these defendants. Accordingly, the Court concludes that the proposed third amended complaint fails to state a claim upon which relief may be granted against any of them and, in any case, that all are immune on this claim. Amendment therefore would be futile. In any case, leave would be denied because the application comes too late and would prejudice defendants for the reasons stated above.

### Conclusion

For the foregoing reasons, plaintiffs' motions for leave to file a third amended complaint [13–1] and to substitute named persons for "Roe" defendants in proposed third amended complaint [20–1] are denied.

SO ORDERED.

---

**24.** *Id.* ¶¶ 37–38.

**25.** *Id.* ¶¶ 44, 47.

**26.** *See, e.g., Monell v. Dept. of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir.1996).

**27.** *See City of Canton v. Harris,* 489 U.S. 378, 388–89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

