PHLO CORPORATION, Plaintiff–
Counter–Defendant–Appellant,

v.

Giltner B. STEVENS, Defendant–
Counter–Claimant–Appellee.

Nos. 02–7036(L), 02–7406(CON).

United States Court of Appeals,
Second Circuit.

April 2, 2003.

Angelo G. Macdonald,* Budd Lake, N.J., for Plaintiff–Counter–Defendant–Appellant.

Stanley S. Zinner, Greene & Zinner, P.C., White Plains, N.Y., for Defendant–Counter–Claimant–Appellee.

* Mr. MacDonald failed, without explanation, to appear at oral argument.

PRESENT: CALABRESI, SACK, and CUDAHY,** Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2nd day of April, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

The Phlo Corporation ("Phlo") appeals a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*) granting Giltner B. Stevens specific performance on three warrants for shares of Phlo stock and awarding him attorney's fees. We hold (1) that we do not have jurisdiction to consider any actions that the district court took after the entry, on January 11, 2002, of its December 5, 2001 judgment; (2) that the district court did not err in dismissing on summary judgment Phlo's claim of fraud; (3) that Phlo has not demonstrated that the district court erred in holding that Phlo had no right to a jury trial on Stevens's counterclaims for specific performance and for attorney's fees; and (4) that the district court did not err in ordering Phlo to issue to Stevens shares of freely tradable, unrestricted stock in the Phlo Corporation.

## BACKGROUND

In May 2000, Phlo brought a diversity action in the United States District Court for the Southern District of New York against Stevens, claiming inter alia common law fraud. Stevens counterclaimed (1) for specific performance on three warrants Phlo had issued him for the purchase of Phlo stock, (2) for breach of contract damages, and (3) for attorney's fees. Both parties sought summary judgment. In a decision dated June 7, 2001, the district court declined to go with the Phlo. The court dismissed all of Phlo's claims and denied Phlo's motion to dismiss Stevens's counterclaims.

Trial commenced on Stevens's counterclaims on Monday, October 15, 2001. Phlo, which had submitted a request for a jury trial with its complaint, renewed that request when the proceedings began. The court overruled Phlo's objection to a bench trial and subsequently explained its ruling in a memorandum decision filed on October 25, 2001.

On December 5, 2001, after the completion of a bench trial, the court issued judgment in favor of Stevens on Stevens's claims for specific performance and for attorney's fees. The judgment ordered Phlo to deliver to Stevens 391,229 shares of "freely tradable, unrestricted" Phlo Corporation stock within ten days of entry of the judgment and awarded Stevens

** The Honorable Richard D. Cudahy, Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

$142,482.68 in attorney's fees and costs. The December 5 judgment was entered on January 11, 2002. Phlo filed a notice of appeal from the December 5 judgment on January 8, 2002. While Phlo sought a stay on the judgment, it apparently refused to give a supersedeas bond and the order of the district court was not stayed.

On January 28, 2002, after Phlo's notice of appeal was filed and after the December 5 judgment was entered, the district court issued an additional order, in which it again directed Phlo to deliver to Stevens the shares of stock, this time requiring that the shares be issued *"nunc pro tunc to January 21, 2000."* Phlo failed to issue the shares within the required time period, though the shares were eventually issued on February 19, 2002. Phlo's delay in issuing the shares led to a number of additional orders from the district court and eventually resulted (1) in a holding that Phlo and its principals, Anne and James Hovis, were in contempt of court, (2) in the imposition of various fines, costs and attorney's fees on Phlo and its principals, and ultimately (3) in a warrant for James Hovis's arrest.

On appeal, Phlo argues (1) that the district court should not have dismissed on summary judgment Phlo's claim of fraud; (2) that the district court erred in not granting Phlo's request for a jury trial; (3) that compliance with the district court's order that Phlo issue the stock to Stevens would have violated federal securities law; (4) that the district court's findings of contempt and its post-judgment impositions of fines and award of attorney's fees were improper; and (5) that if the case is remanded, Judge Chin should be disqualified from hearing it.

## DISCUSSION

■ We begin by considering whether we have jurisdiction to hear Phlo's claims on appeal, an issue none of the parties have briefed, but which we must raise *nostra sponte. See Goldberg v. Cablevision Sys. Corp.,* 261 F.3d 318, 323 (2d Cir.2001) ("Although neither party has raised the issue, we are obliged at the outset to assess whether we have jurisdiction to hear this appeal."). While Phlo requests that we consider the various contempt-related orders against it that post-date entry of the December 5, 2001 judgment, Phlo has not filed notices of appeal from these orders. Consequently, we lack jurisdiction to consider them. Fed. R.App. P. 3(a)(1); *United States v. Ferraro,* 992 F.2d 10, 11 (2d Cir.1993) (per curiam) (timely filing of notice of appeal is jurisdictional).

■ Similarly, because Phlo has not filed a notice of appeal from the district court's January 28, 2002 order to issue the shares within three days *"nunc pro tunc to January 21, 2000,"* we do not have jurisdiction to consider that decision. We note in passing, however, that if the January 28, 2002 order was a modification of the December 5, 2001 judgment, then the district court may not have had jurisdiction to issue it, since a notice of appeal from the December 5 decision had been filed. *See Weiss v. Hunna,* 312 F.2d 711, 713 (2d Cir.1963) (The filing of an appeal divests district court of power to grant or deny relief except with the permission of the Court of Appeals.). Similarly, if the court's subsequent orders relating to contempt and awarding various fees were in enforcement of the January 28, 2002 order, and not the December 5, 2001 judgment, then these too may have been beyond the court's jurisdiction to issue. Because these various decisions of the district court are not properly before us, however, we express no opinion on whether any of this is in fact the case.

We do, however, have jurisdiction over the June 7, 2001 and the December 5, 2001 holdings of the district court. And it is to these that we now turn.

■ We review a grant of summary judgment *de novo*, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant. *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir.2003). While Phlo purports to appeal the district court's dismissal of all of its claims against Stevens, Phlo's brief to this court provides arguments only that the district court erred in dismissing its fraud claim. The district court correctly observed that Phlo's claim of fraud alleged no more than that, at the time of contracting, Stevens did not intend to perform. The court considered Phlo's claims to be governed by New York law, a decision Phlo apparently did not contest below and has not objected to on appeal. Under New York law, however, "a false promise can support a claim of fraud only where that promise was collateral or extraneous to the terms an enforceable agreement in place between the parties." *Int'l Cabletel Inc. v. Le Groupe Videotron LTEE*, 978 F.Supp. 483, 487 (S.D.N.Y.1997) (internal quotation marks removed) (citing New York cases). Stevens's promise was neither collateral nor extraneous to the enforceable agreement he had with Phlo. Consequently, the district court was correct in dismissing Phlo's fraud claim.

Phlo next contends that the district court erred in denying its request for a jury trial, a decision we also review *de novo*. *See Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 101 (2d Cir.2001). In its October 25, 2001 memorandum decision, the court suggested two grounds for overruling Phlo's objection to a bench trial. First, it held that even though Phlo had requested a jury trial when it filed its complaint, Phlo's subsequent failure to renew that request until the day of trial, despite the fact that it was clear to all involved that there was going to be a bench trial, operated as a waiver of any right to a jury Phlo may have had. *Cf.* Fed.R.Civ.P. 39(a)(1). Second, the court held neither of Stevens's claims, which were for specific performance on warrants Phlo had provided him and for attorney's fees, gave rise to a Seventh Amendment right to a jury trial. *See* Fed.R.Civ.P. 39(a)(2).

■ The district court did not err in its determination that Phlo was not entitled to a jury trial on Stevens's claim for specific performance. It is well established that an action for specific performance of a contract sounds in equity and therefore does not, by itself, trigger the Seventh Amendment right to a trial by jury. *See Atlas Roofing Co., Inc. v. Occupational Safety and Health Review Com'n*, 430 U.S. 442, 459, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977) ("Thus, suits for damages for breach of contract, for example, were suits at common law with the issues of the making of the contract and its breach to be decided by a jury; but specific performance was a remedy unavailable in a court of law and where such relief was sought the case would be tried in a court of equity with the facts as to making and breach to be ascertained by the court."). While Stevens's claim for specific performance was originally joined with a claim for damages for breach of contract, Stevens abandoned the latter claim. Since all that remained was the claim for specific performance, Phlo had no right to a jury trial on it.

■ The district court also held that the New York Supreme Court's decision to award Stevens attorney's fees in a prior action, which Stevens had brought to enforce a note against Phlo, was issue preclusive on the question of whether attorney's fees would be due in the federal action

should Stevens prevail in that federal action. Phlo attacks the district court's ruling on the ground that the earlier state proceeding was a summary one and that its results could not therefore be issue preclusive. This argument is meritless. *See Bardi v. Warren County Sheriff's Dept.*, 260 A.D.2d 763, 687 N.Y.S.2d 775, 777 (3 Dept.1999) ("[I]t is well settled that an order entered on a motion for summary judgment constitutes a disposition on the merits and, accordingly, is entitled to preclusive effect for purposes of res judicata or collateral estoppel."). The question of whether the New York decision dealt with the same issue as that facing the district court is, however, a serious one. But Phlo makes no argument and cites no cases on this point, making in passing only the briefest of speculative references to the question. Nor did Phlo appear for scheduled oral argument, where it might have had an opportunity to clarify its position. Under the circumstances, we believe this argument to be waived on appeal. *See United States v. Gabriel*, 125 F.3d 89, 100 n. 6 (2d Cir.1997) (holding that an argument not raised in the party's initial brief was waived); Fed. R.App. P. 28(a)(9)(A) (The appellant's brief "must contain ... appellant's contentions and the reasons for them.").

Because we affirm the district court's holding that Phlo was not entitled to a jury trial on either of Stevens's counterclaims, we need not ponder whether Phlo's failure to renew its request for a jury until the day of trial would have constituted a waiver of any such right.

■ The final issue we consider is whether the district court's judgment of December 5, 2001 (entered on January 11, 2002) was erroneous because compliance with it would have caused Phlo to violate federal securities law. As a question of law, we review this too *de novo*. *Connecti-*

*cut v. Physicians Health Serv. of Connecticut, Inc.*, 287 F.3d 110, 114 (2d Cir.2002). As noted above, we review only the December 5 judgment, since we do not have jurisdiction to consider any subsequent orders that arguably modified that judgment.

Phlo contends that its compliance with the district court's order to deliver to Stevens "391,229 shares of freely tradeable, unrestricted stock of Phlo Corporation within ten days of the date of entry of this judgment" would have violated Securities Act Rule 144. 17 C.F.R. § 230.144. Rule 144 establishes that "[s]ecurities acquired directly or indirectly from the issuer, or from an affiliate of the issuer, in a transaction or chain of transactions not involving any public offering" are "restricted securities," § 230.144(a)(3)(i). The same rule places a number of limits on the transfer of restricted securities, § 230.144(c), (e), (f) and (h). Phlo argues that it did not have the required number of registered securities on hand, could not have registered that number in the ten days given it by the district court, and hence would have been in violation of Rule 144 if it had complied with the court's order and issued Stevens the required number of "freely tradable, unrestricted" shares.

One might question whether, since Phlo would have been acting in compliance with a court order, Phlo could have been liable for any violation of securities law in issuing the shares. But this is not an question we need consider. Rule 144(k) establishes that if a person who is not an affiliate of the issuer at the time of sale has held restricted shares for two or more years, those shares are no longer subject to Rule 144's trading restrictions. § 230.144(k). The Securities and Exchange Commission (SEC) has issued a number of Interpretive–Advice letters indicating its view that an acquiror may tack to the underlying

securities the holding period for a warrant converted into common stock in a cashless transaction if the warrant is fully paid for at the date of its issuance and the holder is at risk with respect to a possible decline in market value. Hansen Natural Corp. / Unipac Corp., SEC Interpretive–Advice Letter, 1993 WL 87869 (March 23, 1993) ("The Division has indicated the general position that a security holder may 'tack' through the 'cashless exercise' of warrants or options in determining the holding period for the securities ('Underlying Securities') received upon such exercise. In this regard, the holding period of the surrendered securities or the option, whichever is shorter, should be tacked to the holding period of the Underlying Securities under Rule 144(d)." (citation omitted)); ADAC Laboratories, SEC Interpretive–Advice Letter, 1988 WL 235319 (Dec. 28, 1988); see also 17 C.F.R. § 230.144(d)(3)(i).

Stevens acquired and provided full consideration for the last of the warrants at issue in this case on November 30, 1999. His claim for specific performance was based on his attempt to exercise the warrants on a cashless basis. Phlo points to no evidence that the SEC has changed its interpretation of Rule 144(k) with respect to tacking the holding period of such warrants and suggests no other reason to believe that the SEC would have considered Phlo to have violated Rule 144 if it had issued the shares as required by the district court. For purposes of this decision we need not express any opinion on the correctness of the SEC's interpretation of 144(k). It is enough that under the then-current SEC interpretation of Rule 144(k), after exercising his warrants on a cashless basis, Stevens could have tacked the years he had held the warrants onto Rule 144(k)'s two-year holding period. Given that the district court's order to issue the stock was effective on January 11, 2002, over two years after Stevens had acquired the warrants, the SEC could not, under its

Interpretive–Advice letters, have found that Phlo had violated the law in issuing him shares that were "freely tradable [and] unrestricted." Accordingly, Phlo's argument against issuing the shares must fail.

We have considered Phlo's other contentions concerning the matters discussed in the lower court's June 7 and December 5 judgment and find them meritless. We therefore AFFIRM (a) the district court's dismissal of Phlo's complaint, (b) the district court's ruling that Phlo did not have a right to a jury trial, and (c) the district court's judgment ordering specific performance. We DENY Stevens's request for costs, which we doubt is properly brought. See Fed R.App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, *after a separately filed motion . . .*, award just damages and single or double digit costs to the appellee." (emphasis added)).